JANET C. DEBEVOISE, as Administratrix, etc., Appellant, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Respondent.

As the right of action for causing death by negligence exists only by virtue of statute law, and as the statute of this State giving that right (Chap. 450, Laws of 1847, amended by chap. 256, Laws of 1849, and chap. 78, Laws of 1870) has no extra-territorial effect, an action may not be maintained when the negligent act complained of was done in another State, without proof of the existence of a similar statute in that State.

It is not necessary in such an action for defendant to allege that the wrong was committed in another State; it is for the plaintiff to allege and prove that the cause of action arose within the jurisdiction.

(Argued February 5, 1885 ; decided March 3, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 11, 1883, which affirmed a judgment in favor of defendant, entered upon an order nonsuiting plaintiff on trial.

This action was brought to recover damages for alleged negligence, causing the death of plaintiff's intestate.

The material facts are stated in the opinion.

*John W. Lyon* for appellant. Defendant, by answering to the merits and proceeding to the trial, waived the objection that the wrong was committed in another State. That objection should have been taken by demurrer or answer. (Code, §§ 488, 498, 499.)

*Lewis E. Carr* for respondent. Actions for damages for causing death are creations of statute. (2 Wait's Actions and Defenses, 471; 2 Thomp. on Neg. 1272, note.) Our statute, giving a right of action in such cases, has no extra-territorial effect, nor can our courts infer or presume that a similar statute exists in the State or country where the death was caused and occurred. The only presumption that can be indulged is that the common law exists there. ( *Whitford* v. *R. R. Co.*, 23 N. Y. 465; *Crowley* v. *R. R. Co.*, 30 Barb. 99; *Beach* v. *Steamboat Co.*, id. 433; *McDonald* v. *Mallory*, 77 N. Y. 546; *Leonard* v. *Navigation Co.*, 84 id. 48; *Wilcox Silver Plate Co.* v. *Green*, 9 Hun, 347; *White* v. *Knapp*, 47 Barb. 549; *Holmes* v. *Broughton*, 10 Wend. 75; *Harris* v. *White*, 81 N. Y. 532; *Van Voorhis* v. *Brintnall*, 86 id. 18; *People* v. *Chase*, 28 Hun, 310; *Abell* v. *Douglas*, 4 Denio, 305; *Starr* v. *Peck*, 1 Hill, 270.)

EARL, J. This action was brought to recover damages for negligently causing the death of James Debevoise, a brakeman in the service of the defendant. It was alleged in the complaint, and proved by uncontradicted evidence, upon the trial, that the death was caused at Penn Horn in the State of New Jersey. After the close of the plaintiff's evidence, and again at the close of the entire evidence, the defendant moved that the plaintiff be nonsuited upon several grounds, the first of which is, " that it appears by the testimony that the death occurred in the State of New Jersey, and, therefore, that the statute of the State of New York under which this action was brought does not apply."

This right of action depends entirely upon statute law. Such a right of action did not exist at common law. There was no

proof that the common law of New Jersey had been changed or that any statute existed there authorizing an action to be maintained to recover damages against one who has negligently caused the death of another.  Our statute has no extra-territorial effect, and we cannot infer or presume that a similar statute exists in New Jersey.  There was, therefore, a vital defect in the plaintiff's proof, which was plainly pointed out, and the nonsuit was properly granted.  (*Whitford* v. *Panama Railroad Co.*, 23 N. Y. 465; *McDonald* v. *Mallory*, 77 id. 546; *Leonard* v. *Columbia Steam Navigation Co.*, 84 id. 48.)

It was not necessary for the defendant to allege in its answer that the death occurred in New Jersey, and that there was no statute there authorizing the maintenance of this action.  The plaintiff was bound to show, both by his complaint and proofs, that he had the right upon the law and the facts to maintain his action; and this is a case, therefore, of the failure of facts to constitute a cause of action, both in the complaint and the proofs, and the defendant could take advantage thereof at the trial.

We are, therefore, of opinion that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.