This action was brought to recover damages for negligently causing the death of James Debevoise, a brakeman in the service of the defendant. It was alleged in the complaint, and proved by uncontradicted evidence, upon the trial, that the death was caused at Penn Horn in the State of New Jersey. After the close of the plaintiff's evidence, and again at the close of the entire evidence, the defendant moved that the plaintiff be nonsuited upon several grounds, the first of which is, "that it appears by the testimony that the death occurred in the State of New Jersey, and, therefore, that the statute of the State of New York under which this action was brought does not apply."
This right of action depends entirely upon statute law. Such a right of action did not exist at common law. There was no *Page 379 
proof that the common law of New Jersey had been changed or that any statute existed there authorizing an action to be maintained to recover damages against one who has negligently caused the death of another. Our statute has no extra-territorial effect, and we cannot infer or presume that a similar statute exists in New Jersey. There was, therefore, a vital defect in the plaintiff's proof, which was plainly pointed out, and the nonsuit was properly granted. (Whitford v. Panama Railroad Co.,23 N.Y. 465; McDonald v. Mallory, 77 id. 546; Leonard v.Columbia Steam Navigation Co., 84 id. 48.)
It was not necessary for the defendant to allege in its answer that the death occurred in New Jersey, and that there was no statute there authorizing the maintenance of this action. The plaintiff was bound to show, both by his complaint and proofs, that he had the right upon the law and the facts to maintain his action; and this is a case, therefore, of the failure of facts to constitute a cause of action, both in the complaint and the proofs, and the defendant could take advantage thereof at the trial.
We are, therefore, of opinion that the judgment should be affirmed, with costs.
All concur.
Judgment affirmed.