(113 App. Div. 68)

### DUNCAN v. ST. LUKE'S HOSPITAL.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

**1. DEATH—ACTIONS—BREACH OF CONTRACT.**

Code Civ. Proc. § 1902, providing that the executor or administrator of a decedent who has left surviving a husband, wife or next of kin, may maintain an action to recover damages for a wrongful act, or default by which the decedent's death was caused, against one who would have been liable to an action in favor of decedent by reason thereof if death had not ensued, does not give a surviving husband a right of action against a hospital to recover for loss of services of plaintiff's wife resulting from her death, by reason of defendant's breach of contract to keep a constant and careful guard over decedent while she was a patient in the hospital, and insane at the time, and who, in the absence of an attendant, jumped from a window of the hospital building and was killed.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Death, § 20.]

**2. SAME—RIGHT OF ACTION.**

The right to recover for the death of a human being is a right solely given by statute.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Death, § 10.]

Appeal from Trial Term, New York County.

Action by Daniel B. Duncan against the St. Luke's Hospital. From a judgment entered on dismissal of complaint, plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Paul N. Turner, for appellant.

Hoffman Miller, for respondent.

CLARKE, J. After the jury were impaneled, and before any evidence was offered, the defendant moved to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and, the motion being granted and judgment thereon entered, the plaintiff appeals.

The complaint alleges that the defendant is a domestic corporation organized under the laws of the state of New York, and is engaged in operating and conducting a hospital; that one Gertrude Duncan was the wife of the plaintiff; that she became ill and was, on or about May 1, 1902, removed to said hospital, and remained there until on or about the 7th of May, when, at a time when there was no attendant in the room, she jumped from the window of the hospital building and was killed by the fall upon the pavement below; that while said Gertrude Duncan was at the hospital her mental faculties became impaired, and she became delirious and was at times insane; that the defendant notified the plaintiff of said mental condition, and advised him that in order that said Gertrude Duncan be properly cared for it would be necessary from that time on to keep a constant and continuous watch on her; that, therefore, the plaintiff and defendant entered into a contract wherein and whereby the defendant promised and agreed, for a consideration of $7 a day, to keep, or cause to be kept, a careful and continuous and unceasing guard and watch over the said Gertrude Duncan, until the parties might agree to withdraw the same, and, for aforesaid guard and watch so to be kept, the plaintiff agreed to pay the defendant the sum of $7 a day, and thereafter plaintiff paid the said sum to the defendant for the period of time during which said watch was alleged by defendant to have been kept, and up to the time when the said Gertrude Duncan jumped from the window as aforesaid, and defendant accepted the same; that the defendant failed and wholly refused to carry out or perform said contract, and while said Gertrude was in a delirious condition, and while her mental faculties were impaired, said defendant permitted or caused or allowed the guard to absent himself or herself and take himself or herself away from the person of said Gertrude, and permitted and allowed said watch to be withdrawn, and did not keep the constant and unceasing guard agreed by it to be kept; that while the said guard was absent from said room, said Gertrude rose from her bed, and threw herself from the sill of one of the windows of the room upon the stone pavement below, and, as a result of said fall, was killed; that the escape of said Gertrude and her death were the direct result of the negligence and careless omission of defendant to keep a constant, careful, and continuous guard on the person of said Gertrude, as agreed; and had the constant, careful, and continuous guard and watch agreed by defendant to be kept by it been kept by it, said Gertrude would not have been able to escape, or to throw herself from said window, and would not have been killed; that as a direct result of the breach of the de-

fendant of its contract with the plaintiff, and as a direct result of its negligence, omission to keep, and cause to be kept, a constant, careful, and continuous watch and guard, as agreed by it, the plaintiff lost his wife and the care, comfort, affection, and services of said wife, and was damaged in the sum of $25,000, for which he demanded judgment.

The appellant contends that this is an ordinary action for breach of contract; that this contract was entered into, having for its object the preservation of the wife of the plaintiff from injury, and there was a breach which resulted in her death; that this was a special contract, requiring the hospital to do more than its legal duty, for which it was paid a special price; and that, having broken its contract, it should pay the damages which naturally flowed from the breach, and which might reasonably have been within the contemplation of the parties when the contract was made. The learned counsel for the appellant admits that "the books are full of cases where in actions sounding in tort it was repeatedly held that the death of a person could not be made the basis of a cause of action, and that, further, while a husband is entitled to the care and services of the wife, yet in case her death is instantaneous, he has lost no services for which he can recover." And he admits that this case does not come within our statute (section 1902 of the Code of Civil Procedure), which provides that:

"The executor or administrator of a decedent, who has left him or her surviving, a husband, wife or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent, by reason thereof if death had not ensued."

But the complaint alleges:

"Her death was the direct result of the negligence and careless omission of defendant to keep a constant, careful, and continuous guard, * * * as a direct result of its negligent omission to keep * * * a constant * * * watch and guard * * * the plaintiff lost his wife as aforesaid."

This is to allege "a wrongful act, neglect or default by which the decedent's death was caused," within the precise language of the statute. And the statute seems to give the cause of action, and to fix its limitations. There seems to be no difference between the negligent breach of this contract as alleged and the negligent breach of the contract of a common carrier to safely transport the passenger. In each case there is a contract, and in each case there is a tort. But the action for such a breach is ex delicto, and not ex contractu. As said in Wheaton on Negligence (2d Ed. § 435):

"Whoever by contract assumes a duty to another is liable to an action on the case to such other person for damages arising from the negligent performance of such duty."

In Crowley as Adm'x v. R. R. Co., 30 Barb. 99, where a wife as administratrix sued under the statute for damages for her husband's death which had occurred on a railroad in New Grenada, the court said:

"Here was an express agreement made in this state safely to transport the plaintiff's intestate over the defendant's road as a passenger, which, if

Crowley, from the negligence of the defendant's agents or servants had sustained any injury on said railroad, that he had survived, would unquestionably have entitled him to maintain his action therefor in this state. If the cause of action set out in this complaint, therefore, could be considered as arising upon this contract and surviving by force of the statute in behalf of the plaintiff as the representative of the deceased, then most certainly the action could be maintained in this state. But such is not this action. It is not upon the contract. It is founded upon a tort."

Chief Judge Ruger, in Hegerich v. Keddie, 99 N. Y. 258, 1 N. E. 787, 52 Am. Rep. 25, said:

"The actions known as detinue, trespass, trespass on the case, and replevin, were those used in causes of action arising from torts, and were described as actions ex delicto. Trespass on the case was the appropriate form of remedy for all injuries to person or property which did not fall within the compass of the other forms of action."

He cited Green v. Hudson River R. R. Co., *41 N. Y. 294, where the husband sought to recover damages for, the instantaneous killing of his wife, and the complaint alleged the legal obligation on the part of the defendant to carry her safely, and Whitford v. Panama R. R. Co., 23 N. Y. 465, where the court had denied to a husband damages for the death of his wife and had said:

"The exceptions are that a husband may maintain a civil action for an injury to the wife, so far as medical service and funeral expenses were incurred, or a parent for the loss of a child's services up to the time of his death, but not for the loss of life."

And proceeded:

"It would seem unnecessary to cite additional authorities to the effect that as the law stood at the adoption of the statute neither a husband nor a wife had such an interest in the life of their respective consorts as subjected a person, through whose negligent act it was taken, to the charge of injuring any property rights possessed by them. * * * Such rights as arise out of the domestic relations clearly do not possess the attributes of property, and are not assignable by the possessor."

In Ohnmacht v. Mt. Morris Elec. Light Co., 66 App. Div. 482, 73 N. Y. Supp. 296, a father brought an action to recover for loss of services of his minor son, who was instantly killed through the alleged negligence of the defendant. Mr. Justice O'Brien, reviewing the authorities, said:

"Evidently, what is sought in this action is to recover for loss of services to which the father would have been entitled had the son lived, but there is no authority either in common law or by statute for such an action. Undoubtedly, the father could recover for the loss of services if the injury had not resulted in death, and he could recover for such loss between the time of the injury and death. He could not, however, at common law recover for loss of services of a minor son owing to his death through another's negligent act, if such death, as in the case at bar, was instantaneous."

The learned counsel for the appellant, with great frankness, stated upon the argument that he desired no decision upon a technical point, that he might be entitled to nominal damages, or to a recovery of the consideration paid, but contended for the broad proposition that for the alleged breach of this contract causing his wife's death, plaintiff was entitled to recover for the value of her society and services. But the contract was to keep a constant watch and guard. It was not to

prevent the unfortunate patient from committing suicide. Nor could it fairly be held to be within the reasonable intendment of this contract that the hospital agreed to pay to the husband the value of his wife's life to him in case she did commit suicide. There has been no case cited to us, nor have we been able to find one which allows a recovery upon such a complaint or such a state of facts. Nor can we see any reason why there should be any difference in the rule where the tortious act which caused death is alleged to be a breach of an express contract than where it is alleged to be a breach of an implied contract, or where no contractual relation at all existed.

It is settled by innumerable cases that the right to recover for the death of a human being is a right solely given by statute, and as the plaintiff comes not within the statute, the judgment should be affirmed, with costs. All concur.