jury, if it be shown that there was no intention to mislead, and the party entitled to notice was not in fact misled thereby." Section 2, c. 600, p. 1749, Laws 1902.

There was evidence sufficient to authorize the jury to find the plaintiff free from contributory negligence, and that there was no assumption of risk by him. These questions are made expressly by the statute questions for the jury to determine. There was evidence sufficient to warrant the finding by the jury of negligence on the part of the defendant, under the employer's liability act. Hassett was a superintendent. He was notified, several days before the accident, that the overhanging crust was dangerous and that it ought to be removed. He promised to look after it, but failed to do so. Under the common law this may have been a detail of the work for which the employer, having furnished a competent superintendent to supervise the work, would not have been liable under such cases as Russell v. Lehigh Valley R. R. Co., 188 N. Y. 344, 81 N. E. 122; but under the employer's liability act the duty to remove the crust was upon the superintendent, if not the defendant, and the defendant would be liable for the superintendent's neglect of duty, if it was his alone, and not the negligence of the defendant primarily. Section 1, c. 600, p. 1748, Laws 1902.

Judgment and order affirmed, with costs. All concur, except McLENNAN, P. J., and ROBSON, J., who dissent.

---

(121 App. Div. 126)

GUROFSKY v. LEHIGH VALLEY R. CO.

(Supreme Court, Appellate Division, Fourth Department.   July 9, 1907.)

1. DEATH—RIGHT OF ACTION—LAW OF ANOTHER STATE.
    Suit will only lie in New York, for a death in Pennsylvania, where a right of action exists there.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, § 50.]

2. SAME—ALIENS.
    Act Pa. 1855 (P. L. 309, § 1), authorizing suit for death by decedent's husband, etc., does not entitle one residing in Canada to recover.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, § 37.]
    McLennan, P. J., dissenting.

Action by David M. Gurofsky, as administrator of Fanny C. Gurofsky, deceased, against the Lehigh Valley Railroad Company. A nonsuit was ordered, and plaintiff moves for a new trial upon exceptions taken at the trial. Exceptions overruled, motion denied, and judgment directed for defendant on the verdict.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Shire & Jellinek and Vernon Cole, for plaintiff.
Bissell, Carey & Cooke and Lyman M. Bass, for defendant.

WILLIAMS, J.   The exceptions should be overruled, and the motion for a new trial denied, with costs to the defendant.

The action was brought to recover damages for injuries resulting

in the death of plaintiff's intestate, alleged to have resulted from defendant's negligence. The intestate, a girl about 21 years of age, met her death in Pennsylvania, while going from Suspension Bridge to New York City on one of defendant's trains. She was born and always resided in Canada. She left surviving no husband or children, but a father and mother, both residents of Canada. The plaintiff administrator is a cousin of the intestate and resides in the state of New York. The nonsuit did not involve the questions of defendant's negligence or the absence of contributory negligence on the part of the intestate. It was made to rest on the proposition that no recovery could be had because no right of action existed under the laws of Pennsylvania; the intestate and her father and mother all being residents of Canada at the time the accident and death occurred.

The statute of Pennsylvania (Act 1851 [P. L. 674, § 19]) provides:

"Whenever death shall be occasioned by unlawful violence or negligence, and no suit for damages be brought by the party injured during his or her life, the widow of any such deceased or if there be no widow, the personal representatives may maintain an action for and recover damages for the death thus occasioned."

The act of 1855 (P. L. 309, § 1) provides:

"The persons entitled to recover damages for any injury causing death, shall be the husband, widow, children or parents of the deceased, and no other relative, and the sum recovered shall go to them, in the proportion they would take his or her personal estate in case of intestacy, and that without liability to creditors."

Since the act of 1855 no action exists in favor of an administrator under the law of Pennsylvania. The action must be brought in the names of the persons entitled to recovery under the statute of 1855. Books v. Borough of Penfield, 95 Pa. 158. The present action is brought in the name of an administrator, but the complaint alleges who the next of kin are, and, upon a recovery being had, the same would go to the father under our statute, and very likely under the Pennsylvania statute also. Possibly this form of action would answer under Wooden v. W. N. Y. & P. R. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803.

The more serious question is whether any right of action exists in favor of any one. It must be regarded as settled that an action in this state for the death of a person in Pennsylvania can only be maintained where a right of action exists in that state. It is only the right of action given by the law of that state which may be enforced here, upon principles of comity. The liability of a party for his acts, whether wrongful or negligent, depends upon the law of the place where the acts were committed. McDonald v. Mallory, 77 N. Y. 546, 33 Am. Rep. 664, and Wooden v. Railroad, above. No right of action for this death exists in Pennsylvania, because the deceased and the persons entitled to the recovery, if any could be had, all resided at the time of the accident and death in Canada. Deni v. P. R. R. Co., 181 Pa. 525, 37 Atl. 558, 59 Am. St. Rep. 676. The court in that case said:

"Our statute was not intended to confer upon nonresident aliens rights of action not conceded to them or to us by their own country, or to put burdens on our own citizens to be discharged for their benefit. It has no extraterri-

torial force, and the plaintiff is not within the purview of it. While it is possible that the language of the statute may admit of a construction which would include nonresident alien husbands, widows, children, and parents of the deceased, it is a construction so obviously opposed to the spirit and policy of the statute that we cannot adopt it."

The Court of Appeals of this state recognizes this as the law of Pennsylvania, while holding the contrary as the law of New York. Alfson v. Bush Co., 182 N. Y. 393, 75 N. E. 230, 108 Am. St. Rep. 815. Such being the law of Pennsylvania, it would seem to follow that no right of action exists or can be enforced in this state.

We do not think the action can be maintained upon the theory that the negligence causing the injury and death occurred in this state. The proofs would not support such a finding of fact, and the statute of this state gives no right of action for an injury and death taking place outside the state. Nor can it be maintained upon the theory that the right of action existed under the Pennsylvania statute; that only the right to maintain the action is forbidden by the law of that state. If the action could not be maintained there, it cannot be here.

SPRING, KRUSE, and ROBSON, JJ., concur. McLENNAN, P. J., dissents.