LICHTENSTERN v. AUGUSTA–AIKEN RY. & ELECTRIC CORPORATION.
(No. 6571.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

1. DEATH (§§ 8, 11*)—WRONGFUL DEATH—NATURE OF ACTION.
　　A cause of action for wrongful death does not exist at common law, is wholly statutory, and depends on the statute of the state where the death was caused.

　　[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 10, 12, 15, 36, 52, 121, 133; Dec. Dig. §§ 8, 11.*]

2. DEATH (§ 47*)—ACTION—COMPLAINT—NEGLIGENCE—"HOMICIDE."
　　Civ. Code Ga. 1895, § 3828, creates an action for wrongful death, and section 3829 provides that the word "homicide," as used in the preceding section, shall include all cases where the death of a human being results from a crime or from criminal or other negligence. Held, that where a complaint for death of a strike breaker in defendant's employ merely alleged that decedent accepted employment on defendant's agreement to protect him, but that, while he was acting in the course of his employment, he was assaulted and injured by strikers by reason of defendant's failure to supply a sufficient number of guards and other persons to protect decedent, and there was no allegation that defendant failed to use reasonable care to protect decedent, the complaint merely alleged defendant's breach of a contract obligation, and not that decedent's death was brought about by defendant's negligence, and was therefore insufficient.

　　[Ed. Note.—For other cases, see Death, Cent. Dig. § 61; Dec. Dig. § 47.*

　　For other definitions, see Words and Phrases, First and Second Series, Homicide.]

Appeal from Special Term, New York County.

Action by Carrie A. Lichtenstern against the Augusta-Aiken Railway & Electric Corporation. From an order granting plaintiff's motion for judgment on the pleadings, defendant appeals. Reversed, and motion denied, with leave to plaintiff to serve an amended complaint.

See, also, 149 N. Y. Supp. 1093.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

William R. Begg, of New York City, for appellant.
Eugene I. Yuells, of New York City, for respondent.

McLAUGHLIN, J. The complaint alleges, in substance, that the defendant is a corporation organized under the laws of the state of Georgia and engaged in the operation of a railroad in the city of Augusta in that state; that in September, 1912, a strike existed between the defendant and its employés, and while the same was in progress one Irving A. Lichtenstern was employed by the defendant as a motorman on one of its cars; that he accepted the employment upon the assurance and undertaking that he would be protected and saved harmless by the defendant from all loss, injury, damage, and liability; that he was assaulted by strikers while engaged in the furtherance of the business of the defendant, and his death resulted from the injuries received; that the assault occurred "without provocation or negligence on the part of the decedent, but solely by reason of the omission of the defendant to comply with the assurances hereinbefore described, and in consequence of its failure and omission to supply a sufficient number of guards and other persons to protect the decedent while he was engaged in the performance of the duties of his employment." The complaint then sets out the Georgia statute relative to the recovery of damages for homicide, and alleges that the decedent was unmarried; that the plaintiff was his mother, and dependent in part upon him for support. Judgment was demanded in the sum of $50,000. The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. After the demurrer was interposed, plaintiff moved for judgment on the pleadings, which was granted, with leave to the defendant to withdraw its demurrer and answer upon payment of costs. From this order defendant appeals.

[1] A cause of action to recover damages for the death of a person does not exist at common law. It is wholly statutory (Debevoise v. Railroad Co., 98 N. Y. 377, 50 Am. Rep. 683; Duncan v. St. Luke's Hospital, 113 App. Div. 68, 98 N. Y. Supp. 867), and depends upon the statute of the state where the death was caused (Debevoise v. Railroad Co., supra; Gurofsky v. Railroad Co., 121 App. Div. 126, 105 N. Y. Supp. 514).

[2] It is fairly to be inferred from the allegations of the complaint under consideration that the death occurred in the state of Georgia; and whether plaintiff is entitled to recover, upon the facts set forth, depends upon the construction to be put upon the statute of that state, giving a right of action in case of death. The statute, or so much of it as is material to the subject under consideration, provides as follows:

"Sec. 3828. Recovery for Homicide, When.—* * * A mother, or, if no mother, a father, may recover for the homicide of a child minor or sui juris, upon whom she or he is dependent, or who contributes to his or her support. unless said child leave a wife, husband or child. * * *

"Sec. 3829. Definition of Terms in Preceding Section.—The word 'Homicide,' used in the preceding section, shall be held to include all cases where the death of a human being results from a crime or from criminal or other negligence. * * *"

The question presented, therefore, is whether the complaint alleges that the deceased came to his death through the negligence of the defendant, within the meaning of the statute above quoted. In the absence of any authority to the contrary, it must be assumed that the statute uses the word "negligence" in its ordinary legal sense. Duncan v. St. Luke's Hospital, supra; Singleton v. Felton, 101 Fed. 526, 42 C. C. A. 57. Putting this construction upon the statute, I am of the opinion that the complaint does not state a cause of action. It contains no allegations to the effect that the defendant failed to use reasonable care to protect the deceased, and that was, of course, the extent of its obligation. There is no common-law duty on the part of an employer to protect his employés from assault by strangers. It is true that the defendant is alleged to have agreed, at the time the deceased was employed, that he "would be protected and saved harmless from all loss, injury, damage, and liability," but defendant's failure to perform this contract obligation does not in itself constitute negligence. Nor are there any allegations in the complaint to the effect that the defendant was negligent in the performance of its contract. From all that there appears, defendant may have exercised a very high degree of care in the protection of the deceased. In this respect the case at bar is clearly distinguishable from Duncan v. St. Luke's Hospital, supra, affirmed 192 N. Y. 580, 85 N. E. 1109, upon which the respondent relies.

The mere breach by defendant of its contract obligation, assuming that such breach existed, cannot be made the basis of an action in tort for decedent's death. Rich v. Railroad Co., 87 N. Y. 382; Stelz v. Van Dusen, 93 App. Div. 358, 87 N. Y. Supp. 716; Lewis' Adm'r v. Coal Co., 112 Ky. 845, 66 S. W. 1044, 57 L. R. A. 447. In the Lewis Case the facts were quite similar to those set out in this complaint. There a large number of employés of defendant, who were union men, were on a strike, and nonunion employés were frightened from continuing in defendant's employ by threats of the strikers. Plaintiff's intestate, a nonunion man, was threatened and communicated that fact to defendant's superintendent, who then agreed, in consideration of plaintiff's intestate continuing at work, that the defendant would hire a sufficient guard to protect him from the strikers. The intestate, relying upon this agreement, continued at work. He was subsequently assaulted by the strikers, and so injured that he died shortly thereafter. It was held, even assuming there was a breach of contract, that it did not make defendant liable on the ground of negligence under the Kentucky statute, which is quite similar to the Georgia statute. See, also, Schick v. Fleischauer, 26 App. Div. 210, 49 N. Y. Supp. 962; Tuttle v. Manufacturing Co., 145 Mass. 169, 13 N. E. 465; Glenn v. Hill, 210 Mo. 291, 109 S. W. 27, 16 L. R. A. (N. S.) 699.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to plaintiff to serve an amended complaint upon payment of costs in this court and in the court below. All concur.