GRACE WATKINS, as Administratrix, etc., of FRANK J. WATKINS, Deceased, Respondent, v. COMMERCIAL STEVEDORING COMPANY, INC., and Another, Defendants, Impleaded with UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION and Another, Appellants.

First Department, March 19, 1926.

Statutes — action for death of stevedore who was killed while working on steamship in New Jersey — plaintiff's right to recover depends on New Jersey Death Act — statute was not pleaded — verdict for plaintiff cannot stand though particular defect was not pointed out on motion to dismiss — new trial granted.

In an action to recover for the death of plaintiff's intestate who was killed while working as a stevedore on a steamship in New Jersey, the verdict in favor of the plaintiff cannot stand, since the right of action depends on the New Jersey Death Act and that statute was not pleaded or proved on the trial.

The fact that on a motion to dismiss the complaint the particular defect was not pointed out does not prevent the Appellate Division from considering the sufficiency of the complaint on appeal.

In view of the fact that the complaint might readily have been amended, a new trial should be granted.

APPEAL by the defendants, United States Shipping Board Emergency Fleet Corporation and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of January, 1925, upon the verdict of a jury for $25,000.

*Frederick H. Cunningham* of counsel [*Charles S. Day, Jr.*, with him on the brief; *Emory R. Buckner, United States Attorney; Irving L. Evans* of counsel, for the appellant United States Shipping Board Emergency Fleet Corporation; *Irving L. Evans*, for the appellant Cosmopolitan Shipping Company, Inc.], for the appellants.

*David M. Fink* and *Jacquin Frank* [*Jacquin Frank* of counsel; *Harold R. Medina* with him on the brief], for the respondent.

MARTIN, J. In this action the plaintiff has recovered a judgment alleged to have been based upon the New Jersey Death Act,

which, under certain circumstances, gives a cause of action for death resulting from negligence.

During the trial the complaint was dismissed as to the defendant Weeks Stevedoring Company, Inc., and the action discontinued by stipulation as to the Commercial Stevedoring Company, Inc. A judgment for $26,111.85 was rendered against the United States Shipping Board and the Cosmopolitan Shipping Company, Inc., which judgment is now here for review.

The plaintiff's intestate was employed by defendant Weeks Stevedoring Company, Inc. He was working as a longshoreman when, on May 22, 1924, he met with the accident resulting in his death. He and other men were engaged in removing hatch covers from the No. 5 between-deck hatch on the steamship *Pipestone County,* docked at a pier in Hoboken, N. J.

There was a sharp conflict in the evidence. The witnesses for plaintiff testified that a short hatch cover, from which a cleat was missing, tilted under the weight of the decedent, causing him to fall into the hatchway. There is testimony by defendants' witnesses that the accident was due to the manner in which plaintiff's intestate attempted to remove the hatch cover, causing it to fall into the hold, and he, losing his balance, falling with it. But we need not on this appeal weigh the evidence to determine whether the judgment entered on the verdict should stand, for the judgment must be reversed in any event.

The accident and the resultant death occurred in the State of New Jersey. The plaintiff's right to recover, if any, arises out of the New Jersey Death Act. It was conceded upon the argument that the plaintiff has recovered upon a complaint which does not plead the statute, and that no proof thereof was given upon the trial.

The plaintiff seeks to sustain this verdict upon the ground that defendants failed to point out on the motions to dismiss, which referred to insufficiency of pleading and of proof, the particular defect in the complaint. The statement of these grounds should have been effectual as notice to plaintiff's attorney of the necessity for amending the complaint and of supplementing the proof.

A foreign statute which gives a cause of action must be pleaded and proved.

In *Debevoise* v. *New York, Lake Erie & Western R. R. Co.* (98 N. Y. 377) the court said: " This right of action depends entirely upon statute law. Such a right of action did not exist at common law. There was no proof that the common law of New Jersey had been changed or that any statute existed there authorizing an action to be maintained to recover damages against one who has negligently caused the death of another. Our statute has no extra-territorial

effect, and we cannot infer or presume that a similar statute exists in New Jersey. * * * It was not necessary for the defendant to allege in its answer that the death occurred in New Jersey, and that there was no statute there authorizing the maintenance of this action. The plaintiff was bound to show, both by his complaint and proofs, that he had the right upon the law and the facts to maintain his action; and this is a case, therefore, of the failure of facts to constitute a cause of action, both in the complaint and the proofs, and the defendant could take advantage thereof at the trial." (See *Lauria* v. *E. I. Du Pont De Nemours & Co.*, 241 Fed. 687; *Geoghegan* v. *Atlas Steamship Co.*, 3 Misc. 224; *Whitford* v. *Panama R. R. Co.*, 23 N. Y. 465; *Kiefer* v. *Grand Trunk R. Co.*, 12 App. Div. 28; affd., 153 N. Y. 688; *Gurofsky* v. *Lehigh Valley R. R. Co.*, 121 App. Div. 126; affd., 197 N. Y. 517; *Lichtenstern* v. *Augusta-Aiken R. & E. Corp.*, 165 App. Div. 270; *English* v. *N. Y., N. H. & H. R. R. Co.*, 161 id. 831.)

Where the complaint fails to state any cause of action whatever, the denial of a motion to dismiss for such insufficiency may be reconsidered upon appeal, for a judgment is not to be entered on such a complaint so challenged.

It is impossible to tell from this complaint what proceedings the New Jersey Death Act authorizes and whether it gives this plaintiff a cause of action. The proof also fails to show what the New Jersey Death Act was or the nature of the cause of action given. (See *Kiefer* v. *Grand Trunk R. Co., supra; Gurofsky* v. *Lehigh Valley R. R. Co., supra; Lichtenstern* v. *Augusta-Aiken R. & E. Corp., supra; English* v. *N. Y., N. H. & H. R. R. Co., supra.*)

In view of the fact that the complaint might readily have been amended, a new trial should be granted so that the plaintiff may have an opportunity to remedy the defective complaint and submit proper proof in support of the action.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

CLARKE, P. J., DOWLING, MERRELL and MCAVOY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellants to abide the event.