Glennon, J.
In this submission of a controversy we are asked to determine the liability of the defendant, if any, for the amounts paid by plaintiff into certain State funds pursuant to subdivisions 8 and 9 of section 15 and subdivision 3 of section 25-a of the Workmen’s Compensation Law.
Defendant is a foreign railroad corporation which owns and operates a railroad line between Chicago, Illinois, and Los Angeles, California. Plaintiff, a domestic insurance corporation, issued a policy of workmen’s compensation.insurance to Loew’s, Incorporated, a Delaware corporation maintaining its principal office in the City of New York. The policy was for a period of one year ending October 1,1944.
Loew’s, Incorporated, had in its employ one John S. MacLeod, who on July 3, 1944, was injured and met his death in the State of Arizona while a passenger on one of defendant’s trains. The accident occurred solely through defendant’s “ wrongful act, neglect or default ” in the operation and control of its train. Although John S. MacLeod had boarded the train in Chicago, the ticket for his transportation from Chicago to Los Angeles over defendant’s line had been purchased by him from defendant in the City of New York. At the time of the accident, he was en route from New York to Los Angeles in furtherance of his employer’s business. It has been stipulated that the injuries which resulted in his death were accidental injuries arising out of and in the course of his employment within the purview of the Workmen’s Compensation Law of this State.
Section 31-101 of chapter 31 of the Arizona Code in effect at the time provided as follows: “ Liability in damages created for injuries resulting in death. Whenever the death of any person shall jbe caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to murder in the first or second degree or manslaughter. ’ ’
The widow of the deceased employee was the only person entitled to receive the death benefits provided by the Workmen’s Compensation Law. Subsequent to her appointment as admin *249 istratrix, she made a claim for damages upon the defendant for having negligently caused the death of her husband. Her claim was settled. The amount paid to her by defendant was in excess of what she would have been entitled to receive in death benefits under the provisions of the Workmen’s Compensation Law of this State as the widow of John S. MacLeod. As a consequence, there was no one entitled to receive compensation from plaintiff as the employer’s insurance carrier.
In those circumstances, plaintiff was required to pay a total of $2,000 into three separate funds created by the Workmen’s Compensation Law. The payments were made pursuant to the provisions of subdivisions 8 and 9 of section 15 and subdivision 3 of section 25-a of that law in effect at the time of the accident. The applicable portions of those sections provide that in every case of injury causing death, in which there are no persons entitled to compensation, the employer, or if insured, his insurance carrier, shall pay a specified amount into a designated fund. A cause of action for the amounts so paid is given to the employer or insurance carrier by subdivision 6 of section 29 of the Workmen’s Compensation Law (as amd. by 1937, ch. 87) which at the time of the accident provided in part as follows: “In case of the payment of an award to the commissioner of taxation and finance in accordance with subdivisions eight and nine of section fifteen and in accordance with section twenty-five-a such payment shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment together with the reasonable funeral expenses and the expense of medical treatment which shall be in addition to any cause of action by the legal representatives of the deceased.”
Plaintiff claims that under the foregoing provision of subdivision 6 of section 29 (now subd. 5) it is entitled to recover from the defendant the $2,000 it paid into the various funds pursuant to awards made by the State Industrial Board.
The only reported case called to our attention involving an analogous situation is Travelers Ins. Co. v. Central R. R. Co. of N. J. (143 Misc. 589). There, under circumstances similar to those here presented, it was held that the provisions of section 29 had no extraterritorial effect and in the absence of a similar statute in the jurisdiction wherein the tort was committed the plaintiff could not recover. The reasoning of Mr. Justice Cohn in that case applies with equal force to the one here under consideration.
*250 It is well established that a cause of action for wrongful death and the extent of the damage recoverable is governed by the laws of the place where the injuries causing death were inflicted (Atchison, Topeka & Santa Fe Ry. Co. v. Nichols, 264 U. S. 348; Baldwin v. Powell, 294 N. Y. 130, 132; Debevoise v. N. Y., L. E. & W. R. R. Co., 98 N. Y. 377; Watkins v. Commercial Stevedoring Co., Inc., 216 App. Div. 234). To be sure, the cause of action created by section 29 is in addition to the one created by section 130 of the Decedent Estate Law in favor of the next of kin of a deceased employee to recover damages for his wrongful death. Both actions, however, are predicated upon the same negligent conduct of a third party and, in the absence of any wrongdoing, no recovery may be had under either law.
As we have seen, the statutory cause of action for wrongful death has no extraterritorial application. It, therefore, necessarily follows that the additional liability, created by section 29 for the same negligent conduct, is limited to torts committed within this State. This is especially so because the effect of the provisions of section 29 is to exact a penalty from the wrongdoer (Phœnix Indemnity Co. v. Staten Island R. T. Ry. Co.. 251 N. Y. 127, affd. 281 U. S. 98). The purpose of the cause of action created by that section is to place the burden of the payments required to be made into the various State funds upon the person whose wrongful act made the contributions necessary (Liberty Mutual Ins. Co. v. Colon & Co., 260 N. Y. 305, 308). If the provisions of section 29 were to be given extraterritorial application, the result, in the absence of a similar statute in the foreign jurisdiction, would be the imposition of a greater liability for a tort than that created by the laws of the place where the wrongful act was committed. In this connection, Mr. Justice Holmes in Western Union Telegraph Co. v. Brown (234 U. S. 542) said in part: “ Whatever variations of opinion and practice there may have been, it is established as the law of this court that when a person recovers in one jurisdiction for a tort committed in another he does so on the ground of an obligation incurred at the place of the tort that accompanies the person of the defendant elsewhere, and that is not only the ground but the measure of the maximum recovery. Slater v. Mexican National R. R. Co., 194 U. S. 120, 126. Cuba R. R. Co. v. Crosby, 222 U. S. 473, 478, 480. * * * The injustice of imposing a greater liability than that created by the law governing the conduct of the parties at the time of the act or omission complained of is obvious; and when a State attempts in this manner to affect conduct outside its *251 jurisdiction or the consequences of such conduct, and to infringe upon the power of the United States, it must fail.”
The consequences of defendant’s conduct in negligently causing the death of Mr. MacLeod were, therefore, those prescribed by the laws of Arizona in effect at the time of the accident. Since the laws of Arizona did not subject the defendant to a liability such as here sought to be imposed, we are constrained to hold that judgment should be directed in favor of defendant.
Mastín, P. J., Dobe, Cohn and Peck, JJ. concur.
Judgment unanimously directed in favor of defendant. Settle order on notice. [See post, p. 960.]