■ LOUIS SELLES, Respondent, v. ROBERT E. SMITH, Appellant.— In an action by a passenger in an automobile against the owner thereof to recover damages for personal injuries, the appeal is from a judgment entered on a jury verdict in favor of the passenger. Three persons — respondent, his wife, and appellant — took a pleasure trip to Florida and return in an automobile owned by appellant. Respondent's wife did all the driving both ways. Respondent sat alongside his wife, and appellant sat in the rear seat. On the return trip the car overturned on a highway in South Carolina, and respondent was injured. Judgment reversed on the law, with costs, and complaint dismissed. The findings of fact are affirmed. Under the state of the proof, section 59 of the Vehicle and Traffic Law has no application, and the owner's liability is to be determined under the common law of New York, which is presumed to be the same as the common law of South Carolina. (*Debevoise* v. *New York, Lake Erie & Western R. R. Co.*, 98 N. Y. 377; *First Nat. Bank* v. *National Broadway Bank*, 156 N. Y. 459, 472.) Notwithstanding that respondent may have contributed to the expenses of the operation of the automobile, there is no proof that the driver, respondent's wife, was an agent for appellant, the owner, acting within the scope of employment, nor proof of a master and servant relationship, and appellant is not liable for the driver's negligent operation. (*Potts* v. *Pardee*, 220 N. Y. 431; *Hennessy* v. *Walker*, 279 N. Y.

94, 99.) Wenzel, Acting, P. J., Murphy, Ughetta and Hallinan, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: *Potts v. Pardee* (220 N. Y. 431), upon which the majority relies, is not in point. There it was held that, under the common-law rule, the owner was not liable for the negligence of a person to whom he had loaned his car, whether a member of his family or a stranger, while the car was being used upon the business or pleasure of the borrower. In the case at bar there was no lending of the car, and the car was not being used on the business or pleasure of a borrower. The mission upon which respondent's wife was driving appellant's car at the time of the accident was either in whole or in part that of the appellant, who was then present in the car. Under such circumstances, the Court of Appeals has held that even under the common law the negligence of the driver is imputable to the owner because the car is deemed to have been operated under his authority and control. (*Gochee v. Wagner*, 257 N. Y. 344, 348.)