[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (No. 147)
This motion to strike raises two different issues involving wrongful death actions. The first issue involves the statute of limitations for actions for loss of consortium for the death of a spouse. Conn. Gen. Stat. § 52-555c. The second issue involves the question whether a statutory wrongful death action may be combined with a common law contract action seeking damages for injuries resulting in death but not seeking damages for death itself.
The motion now before the court must be considered in light of a complex procedural background. This case was commenced by service of process on February 8, 1993, by Timothy Healy ("Healy") against Martin Gordon ("Gordon"), a physician. (The plaintiff's name is variously spelled "Healy" and "Healey" in the file. The spelling "Healy" appears in the writ, but, as will be seen, "Healey" is used in the complaint.) Healy contended that Gordon had negligently failed to diagnose cancer. Healy further alleged that, although Gordon had treated him from 1981 to November 1990, he (Healy) had not discovered that he had cancer until November 1990. Healy was originally the sole plaintiff. On October 22, 1993, however, Healy's wife, Deirdre Healy ("Deirdre") filed a motion to join the action as a party plaintiff and an amended complaint alleging loss of consortium. Gordon objected, but his objection was overruled by the court on December 15, 1993.
Healy died, allegedly of his cancer, on November 17, 1994. On May 17, 1995, Deirdre filed a motion to be substituted as the party plaintiff in her capacity as executrix of Healy's estate and to amend the complaint to assert both a wrongful death action and a cause of action alleging loss of consortium by Deirdre as a result of Healy's death. Gordon again objected, but his objection was overruled by the court on December 5, 1996.
On February 17, 1998, the plaintiffs filed an amended complaint in four counts. The first count (the only count not presently under attack) claims wrongful death in violation of Conn. Gen. Stat. § 52-555. The second count asserts loss of CT Page 5263 consortium by Dierdre pursuant to §§ 52-555a and 52-555b. The third count, which will be discussed in detail below, alleges breach of contract. The fourth count claims loss of consortium by Deirdre resulting from the alleged breach of contract. On February 25, 1998, Gordon filed the motion to strike now before the court. The motion seeks to strike the second, third, and fourth counts. The motion was heard on April 6, 1998.
The first issue that must be addressed is whether the second count, claiming loss of consortium for wrongful death, is barred by the applicable statute of limitations. Conn. Gen. Stat. §52-555c(a) provides that, "No action with respect to any claim or cause of action for loss of consortium shall be commenced except within the time within which an action may be commenced with respect to the death of the other spouse in relation to which the action for loss of consortium arises." This provision implicitly refers to the statute of limitations for wrongful death actions. Conn. Gen Stat. § 52-555 provides that "no action shall be brought to recover [wrongful death] damages and disbursements but within two years from the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of."
Healy, as mentioned, died on November 17, 1994. Deirdre filed her amended complaint alleging loss of consortium from death on May 17, 1995. This is within the two-year statute of limitations period for both wrongful death actions and actions for loss of consortium resulting from wrongful death. Gordon suggests that the two-year statute started to run at some earlier time, prior to Healy's death. This argument cannot be reconciled with the texts of §§ 52-555 and 52-555c(a). Under these statutes, Deirdre suffered a fresh loss when her spouse died and was entitled to bring a new cause of action. In filing a claim for postmortem loss of consortium she is not, as Gordon argues, getting a second bite at the apple. She has suffered a new loss, and this is a new apple. Her second count is not barred by the two-year statute of limitations.
Deirdre's complaint is not, on its face, barred by the five-year statute of repose. She alleges that Gordon treated Healy until November 1990, when Healy discovered his cancer. She filed her claim for postmortem loss of consortium on May, 17, 1995. Her filing was facially within the five-year statute. There may, of course, be a question of fact as to when the alleged malpractice actually occurred, but that question cannot be addressed on a CT Page 5264 motion to strike. At this stage, I must construe the complaint in the light most favorable to the plaintiff The motion to strike the second count must be denied.
Deirdre's third and fourth counts are more problematic. The third count is the crucial one, since the fourth count alleges a loss of consortium arising out of the third count. Deirdre concedes that if her third count is not viable, her fourth count cannot be saved.
The third count, as mentioned, alleges breach of contract. It incorporates the factual allegations of the first count and then alleges as follows:
 4. In or about November, 1981, TIMOTHY J. HEALEY and Defendant, MARTIN GORDON, M.D., entered into a contract for valuable consideration whereby the Defendant, MARTIN GORDON, M.D., agreed to monitor TIMOTHY J. HEALEY for colo-rectal cancer, to use all available tests to detect said cancer, and the Defendant, MARTIN GORDON, M.D., specifically agreed that he could and would detect and/or treat said cancer at its very earliest, curable stages.
 5. The Plaintiff's decedent performed all of his contractual obligations with the Defendant, MARTIN GORDON, M.D.
 6. The Defendant, MARTIN GORDON, M.D., breached said contract by failing to monitor the decedent for colo-rectal cancer, to use all available tests to detect said cancer and to detect said cancer at its very earliest, curable stages.
 7. As a result of the Defendant, MARTIN GORDON, M.D.'s said breach of contract, TIMOTHY J. HEALEY suffered the following injuries:
 a) expenditure of sums of money for hospital and medical care and treatment;
 b) loss of earning and/or earning capacity as a result of his inability to work;
 c) other reasonably foreseeable actual and/or consequential damages as are recoverable.
Gordon claims that the third count should be stricken because CT Page 5265 the plaintiff's sole right of action is pursuant to Conn. Gen. Stat. § 52-555. Deirdre responds that the law recognizes the viability of contract claims against physicians, that damages resulting from breaches of contract may be awarded in contract actions, and that actions for antemortem damages, other than death itself, can be pursued under our survival of action statute, Conn. Gen. Stat. § 52-599. Although this is an area of the law that causes much confusion, I agree with Gordon.
It must first be acknowledged that the individual arguments made by Deirdre, itemized above, are all accurate as far as they go. Our law does recognize breach of contract actions against physicians, damages resulting from such breaches are generally compensable, and the survival of action statute permits those actions to be pursued after the death of the wronged party. If Healy had, for example, contracted with Gordon to sell him medical supplies and Gordon had breached that contract prior to Healy's death, Deirdre, as Healy's executrix, would undoubtedly be entitled to pursue a contract action for damages after Healey's death.
We can even go one step further. It was traditionally thought that medical malpractice actions could be pursued in contract as well as in tort; Giambozi v. Peters, 127 Conn. 380, 385,16 A.2d 833 (1940); although tort actions are decidedly the norm in this area of modern legal practice. Suppose that Gordon had contracted with Healy to treat him in a certain way for cancer, that Gordon had breached that contract, and that, as a result, Healy had developed cancer with much attendant suffering and expense. Suppose further that Healy had subsequently been killed in an automobile accident, unrelated to his cancer. Here, too, Deirdre, as his executrix, would be able to pursue a postmortem contract action.
In this case, however, it is conceded that Healy's death, which is the subject of the wrongful death action asserted in the first count, resulted from the same conduct that is complained of in the contract action asserted in the third count. Under our law, this is a critical distinction.
Deirdre concedes that all of the damages that she claims in the third count are, at least in principle, recoverable in a wrongful death action. Sec. 52-555 allows "just damages" for injuries resulting in death as well as for death itself. This is apparent from its title: "Actions for injuries resulting in CT Page 5266 death." "Just damages" include both special damages, such as medical expenses, as well as compensation for conscious pain and suffering and lost earning capacity. Kiniry v. Danbury Hospital,183 Conn. 448, 460, 439 A.2d 408 (1981). Deirdre is essentially pursuing an additional theory of liability, under the survival of action statute, for the same damages. This two-pronged pursuit is, however, forbidden by our law. As our Supreme Court has explained:
 [W]here damages for death itself are claimed in an action based on our wrongful death statute, recovery of any ante-mortem damages flowing from the same tort must be had, if at all, in one and the same action. In other words, there cannot be a recovery of damages for death itself in one action and a recovery of ante-mortem damages, flowing from the same tort, in another action brought under [the survival of action statute].
Floyd v. Fruit Industries. Inc., 144 Conn. 659, 669, 136 A.2d 918
(1957).
Floyd would be dispositive of the issue now before the court were it not for one arguable distinction. In this case the wrongful death claim is brought on a theory of tort, and the claim for antemortem damages is brought on a theory of breach of contract. A long line of Connecticut cases makes it clear, however, that this is a distinction without a difference.
Some ancient history is instructive on this point. Two centuries ago, in a brief four-line opinion, a Connecticut court upheld a plaintiff's verdict on a contract action against a physician who had performed an operation resulting in death, allegedly in violation of a promise to perform the operation skillfully. Cross v. Guthery, 2 Root 90 (1794). Cross, however, "has been rejected by every Connecticut decision which has since addressed the issue." Ecker v. Town of West Hartford,205 Conn. 219, 229, 530 A.2d 1056 (1987). Beginning with Connecticut MutualLife Insurance Co. v. New York N.H.R.R., 25 Conn. 265 (1856), which effectively overrules Cross, it has been clear that actions for damages for injuries resulting in death cannot be pursued on a common law contract theory. Our Supreme Court explained shortly after Connecticut Mutual:
 On the question of survivorship, we consider it immaterial whether the form of the remedy adopted is in tort or contract, CT Page 5267 provided the cause of action is founded on a contract. The form of action brought to redress a wrong, sometimes, and indeed usually, indicates its nature, whether as arising independently of contract or not; but this is far from being invariably so, there being many cases where the action, the cause of which grows out of a breach of contract, may be in form either ex delicto, as in case, or ex contractu, as in assumpsit. In determining whether a cause of action survives to the personal representative, the real nature of the injury or claim ought to be regarded, and not the form of the remedy by which it is sought to be redressed or enforced.
Booth v. Northrup, 27 Conn. 326, 331 (1858).
Although this authority was articulated at an early date, it continues to be viable today. It is widely recognized that there is a significant distinction between alleged breaches of contract that cause injuries not resulting in death, on the one hand, and those that do cause death, on the other. Damages for breaches of contract resulting in injuries other than death may be pursued in common law contract actions. Damages for breaches of contract resulting in death must be pursued in wrongful death actions.Kilberg v. Northeast Airlines, Inc., 172 N.E.2d 526, 527 (N Y 1961). This specifically includes cases where the death allegedly results from a physician's breach of a contract to render medical services. Zostautas v. St. Anthony De Padua Hospital,178 N.E.2d 303 (Ill. 1961); Sherlag v. Kelly, 86 N.E. 293 (Mass. 1908).
The Supreme Court of Illinois explains in Zostautas that this rule is necessary to maintain both doctrinal consistency and fairness in the law:
 [W]e do not believe that a distinction should be made [between tort and] contract actions where the breach of contract causes death. Such a distinction, in addition to running counter to prevailing judicial opinion in this country, would promote grave inconsistencies in the law, in that it would permit complete recovery for death caused by the breach of a contract duty, while denying all recovery for death caused by the breach of a duty imposed by law. The tenuousness of such a distinction is apparent in these "malpractice" cases where the identical conduct of the physician may give rise to either action. Invoking such a distinction would only pay homage to the ancient "forms of CT Page 5268 action" and perpetuate formalities of pleading . . .
178 N.E.2d at 307.
For these reasons, there should be no difference between those cases in which the tortious act which caused death is alleged to be a breach of contract and those cases in which no contractual relation existed. In either case, the right to recover for injuries resulting in death is a right solely given by statute, and must be pursued in a statutory wrongful death action. Duncan v. St. Luke's Hospital, 98 N.Y.S. 867, 871
(N.Y.App.Div. 1906), aff'd, 85 N.E. 1109 (N.Y. 1908).
Consequently, the motion to strike the third count must be granted. It is common ground that the fourth count, which alleges loss of consortium arising out of the third count, must also be stricken under these circumstances, for the fourth count cannot survive on its own.
For the reasons set forth above, the motion to strike is granted as to the third and fourth counts but denied as to the second count.
Jon C. Blue, Judge