SYLVESTER HOLMES, as Administrator of the Estate of FRANCES HOLMES, Deceased, Plaintiff, v. CITY OF NEW YORK, Defendant.*

Supreme Court, Special Term, Kings County, November 10, 1944.

*Ignatius M. Wilkinson, Corporation Counsel (Joseph E. Murphy of counsel), for defendant.*

*William A. Blank, Sidney G. Hollander* and *Nemo Convisser* for plaintiff.

DALY, J. Motion by the defendant to dismiss the first cause of action of the supplemental complaint, pursuant to subdivision 5 of rule 106 of the Rules of Civil Practice.

Plaintiff's intestate was injured on July 10, 1941, as a result of a collision between the defendant's trolley car and the auto-

---

* Cf. *MacDonald* v. *City of Beacon,* 183 Misc. 1068.— [REP.

mobile in which she was a passenger. An action for personal injuries was commenced on April 8, 1942, and after a trial a verdict was rendered on March 9, 1943, in the sum of $47,500. Plaintiff's intestate died on March 25, 1943, allegedly as the result of the accident. Defendant appealed from the judgment on March 27, 1943. The husband was appointed administrator on May 21, 1943, and substituted as party plaintiff on July 7, 1943. The appeal was not argued until December, 1943. On December 29, 1943, the Appellate Division, Second Department, reversed the judgment and ordered a new trial (267 App. Div. 782). On March 17, 1944, the plaintiff moved to amend the complaint to include a count for wrongful death. This was opposed upon the ground that the administrator had never served a notice of claim for an action for wrongful death nor made any contention that death was caused by the accident of July 10, 1941. The motion was ultimately granted to the extent of allowing the service of a supplemental complaint.

The instant motion is predicated upon the contention that in the absence of a notice of claim for an action for wrongful death, such action cannot be maintained even in the circumstances here against the defendant municipality. (Administrative Code of City of New York, § 394a–1.0; L. 1937, ch. 929; formerly Greater New York Charter, § 261; L. 1901, ch. 466.) I am unable to agree with this view. The decedent before her death fully complied with the requirements as to serving notice of claim and intention to sue. The defendant was fully aware of all the facts pertaining to the accident. Indeed, it conceded them upon the trial. The additional cause of action for wrongful death is merely an enlargement of the original action. Under section 120 of the Decedent Estate Law, it is specifically provided: " Where an action to recover damages for personal injuries has been brought, and the injured person dies before verdict, report or decision, and his death is due to the injury, his executor or administrator *may enlarge the complaint in such action* to include the cause of action for wrongful death pursuant to section one hundred and thirty of this chapter." (Italics supplied.)

In view of the language used by the Legislature, it would seem that an action based on wrongful death caused by injuries upon which an action for damages is pending undetermined is not a new cause of action, but an enlargement of the old. Accordingly, it was not necessary for the administrator to file a new claim based upon the enlarged element of damage — the wrongful death. The motion of the defendant must therefore be denied.