BERTHA SCHWERTFEGER, as Administratrix, etc., of HERMAN
SCHWERTFEGER, Deceased, Respondent, *v.* SCANDINAVIAN
AMERICAN LINE, Appellant.

First Department, January 24, 1919.

Negligence — action for death statutory — limitation of action under
New Jersey statute — condition precedent — interpretation of
foreign statute binding upon courts of this State — right con-
ferred by foreign statute cannot be enlarged by Legislature of this
State — pleading — complaint in action for death from accident
in New Jersey — period of limitation not suspended during alleged
payments under New Jersey Workmen's Compensation Act.

The sole right to maintain an action to recover damages for death caused
by negligence is created by and depends upon the provisions of the
statute of the State where the accident occurred.

The rule in the State of New Jersey, established by the highest court of
said State, that the two-year period within which an action is required
to be brought under the Death Act of said State is not a period of limi-
tation, but is an integral part of the remedy and a condition precedent
to the maintenance of an action under the statute, is binding upon the
courts of this State.

The Legislature of this State may not in any way enlarge a right conferred
by the statute of another State.

Hence, a complaint in an action for death resulting from an accident in
the State of New Jersey, in which it is alleged that the action is brought
within one year after the termination of the decision or adjudication
of the United States District Court dismissing an action by the plaintiff
instituted within two years, and also that said action is brought within
one year after the expiration of the two years provided for under the
New Jersey statute, should be dismissed.

A contention by plaintiff that the running of the Statute of Limitations
was suspended during the period covered by payments under the New
Jersey Workmen's Compensation Act, not having been alleged in the
complaint, was not available upon a demurrer.

Moreover, if such fact had been alleged it would not change the legal
situation, since there is no provision in the New Jersey statute extending
the time fixed for instituting an action for any such reason.

APPEAL by the defendant, Scandinavian American Line,
from an order of the Supreme Court, made at the New York
Special Term and entered in the office of the clerk of the county
of New York on the 25th day of October, 1918, overruling

a demurrer to the complaint and granting leave to defendant to answer.

*Walter L. Glenney* of counsel [*Bertrand L. Pettigrew,* attorney], for the appellant.

*Joseph A. Shay,* for the respondent.

SHEARN, J.:

The complaint demurred to alleged that the plaintiff, a resident of the city and county of New York, was duly appointed administratrix of the goods, chattels and credits of her deceased husband; that the intestate, a longshoreman, employed by the defendant at its dock in the city of Hoboken, N. J., in loading a steamship moored to the dock, was injured in the course of his employment through the negligence of the defendant and died as a result of the injuries; that the laws of the State of New Jersey* provided that in such case a cause of action could be maintained by the widow and children provided such action should be instituted within two years from the death of the person injured; that before the expiration of two years from the death of the intestate, which occurred on November 13, 1915, the plaintiff instituted such an action in the United States District Court in and for the Southern District of New York, which action was thereafter dismissed on the ground that the court was without jurisdiction; that " pursuant to the provisions of section 405 of the Code of Civil Procedure of the State of New York, the plaintiff brings this action within one year after the termination of the decision or adjudication of the United States District Court for the Southern District of New York and within one year after the expiration of the two years provided for under the provisions of the statute of the State of New Jersey hereinbefore referred to."

It is, of course, conceded that no cause of action existed under the common law and that the sole right to maintain an action to recover damages for the death of the intestate

---

* See N. J. Laws of 1848, p. 151, § 2, as amd. by N. J. Laws of 1913, chap. 287; 2 Comp. Stat. of N. J. 1908, § 8; Comp. Stat. Supp. 475, § 4.    The action is given to the personal representatives of the deceased person for the benefit of the widow, surviving husband and next of kin.— [REP.

caused by the negligence of the defendant was created by
and depends upon the provisions of the statute of New Jersey,
where the accident occurred. (*Johnson* v. *Phœnix Bridge
Co.*, 197 N. Y. 316, 319; *Gurofsky* v. *Lehigh Valley R. R. Co.*,
121 App. Div. 126, 128; affd., 197 N. Y. 517.) In this State
it is now held that the time prescribed by statute within
which the action to recover damages for death caused by
wrongful act may be commenced is not of the essence of the
right to maintain the suit, but is subject to a statute of
limitations. (*Sharrow* v. *Inland Lines, Ltd.*, 214 N. Y. 101.)
In the State of New Jersey, however, it is the settled law
that the two-year period within which an action is required
to be brought under the New Jersey Death Act is not a
period of limitation, but is an integral part of the remedy
and a condition precedent to the maintenance of an action
under that statute. (*Eldridge* v. *Philadelphia & Reading
R. R. Co.*, 83 N. J. L. 463; *Lapsley* v. *Public Service Corpora-
tion*, 75 id. 266.) This court is bound by the interpretation
placed upon the foreign statute by the highest court in the
foreign State. (*Jessup* v. *Carnegie*, 80 N. Y. 441, 455.) Section
405 of the Code of Civil Procedure in no way aids the plaintiff.
In holding to the contrary, and relying upon the case of *Gaines*
v. *City of New York* (215 N. Y. 533), the learned justice at
Special Term overlooked the distinction between a condition
precedent and a statute of limitations. It was a statute
of limitations that was involved in the *Gaines* case. Further-
more, it is contrary to the principles of law established in
this country that the Legislature of one State may in any way
enlarge a right conferred by the statute of another State.
(*Cavanagh* v. *Ocean Steam Navigation Co.*, 13 N. Y. Supp. 540.)
The same conclusion was reached by Judge AUGUSTUS N.
HAND in sustaining exceptions to a libel filed against this
defendant in an admiralty action heretofore brought by this
plaintiff in the United States District Court.

Mention is made in the respondent's points of the fact
that up to the time of the decision of the Supreme Court
of the United States in *Southern Pacific Co.* v. *Jensen* (244
U. S. 205) the defendant paid to the plaintiff compensation
under the New Jersey Workmen's Compensation Act (N. J.
Laws of 1911, chap. 95, as amd.), and it is claimed that during

the period covered by such payments the running of the statute was suspended. There is no such allegation in the complaint and, therefore, the contention is not available to the respondent upon a demurrer to the complaint. But if the fact were alleged, it would not change the legal situation. There is no provision in the New Jersey Death Act extending the time fixed for instituting an action for any such reason, and we have no power to read any such amendment into the act.

The order overruling the demurrer should be reversed and the complaint dismissed, but, under the circumstances, without costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Order reversed and complaint dismissed, without costs.