SYLVESTER HOLMES, as Administrator of the Estate of FRANCES HOLMES, Deceased, Respondent, *v.* CITY OF NEW YORK, Appellant.

Second Department, April 2, 1945.

*Joseph F. Mulqueen, Jr.* (*Ignatius M. Wilkinson, Corporation Counsel*), for appellant.

*Nemo Convisser* and *Sidney G. Hollander* for respondent.

CLOSE, P. J. The question presented by this appeal is whether an administrator can have the benefit of a notice of claim and intention to sue a municipality which was filed by his intestate prior to her death. A chronological recital of the facts involved will help to bring the question into focus.

In July, 1941, the plaintiff's intestate suffered injuries which are alleged to have been the result of defendant's negligence. Pursuant to subdivision c of section 394a–1.0 of the Administrative Code of the City of New York, on August 20, 1941, she filed a proper notice of claim and intention to sue. In April, 1942, an action for personal injuries was commenced. After a protracted trial she recovered a verdict for $47,500. Judgment was entered against the defendant on March 15, 1943. On March 25, 1943, she died. On March 27, 1943, the defendant appealed to this court. On May 21, 1943, the present respondent was appointed administrator of his deceased wife's estate. Thereafter he was substituted in her place as plaintiff in this action. On December 29, 1943, more than six months after the administrator was appointed, this court reversed the judgment in favor of plaintiff and granted a new trial. (267 App. Div. 782.) On March 17, 1944, the plaintiff moved for leave to amend his complaint so as to include therein a cause of action for wrongful death on the theory that the intestate's death was the result of the accident. The motion was granted, and on April 21, 1944, an amended complaint was served which, as the result of an order later entered, is designated as a supplemental complaint.

The first cause of action is for wrongful death. It contains an allegation to the effect that prior to the commencement of the action and within six months from the happening of the accident, the plaintiff served a notice of claim on the defendant. The second cause of action is for personal injuries suffered by the plaintiff's intestate up to the time of her death and contains a similar allegation. On the face of the supplemental complaint, it therefore appears that only one notice of claim was served and that by the plaintiff's intestate prior to her death.

The defendant moved to dismiss the cause of action for wrongful death upon the ground that it appeared on the face thereof that no notice of claim for that action had been served, as required by section 394a–1.0 of the Administrative Code. From the order denying its motion, the defendant appeals.

At common law no action would lie against a wrongdoer for an injury resulting in the death of the victim. This was recognized to be a harsh rule and it was changed in England in 1846 by a statute commonly known as Lord Campbell's Act. (9 & 10 Vict. ch. 93, § 1.) The following year a similar act was passed in New York. (L. 1847, ch. 450.) It was continued over into section 1902 of the Code of Civil Procedure, and it is now section 130 of the Decedent Estate Law. But the legislation which provided for a cause of action for wrongful death did not cover a case of personal injury where the defendant died before judgment, even though an action was pending at the time of death, nor did the wrongful death statute give any redress if the injured person died from causes other than the injury. To correct these harsh results, sections 118, 119 and 120 of the Decedent Estate Law were enacted. (L. 1935, ch. 795.) For accidents occurring after September 1, 1935, the right of action for negligence belonging to the injured person does not abate by reason of his death, regardless of the cause of death.

An examination of the statutes referred to shows that the death of an injured party, who has not been compensated in his lifetime, gives rise to two separate and distinct rights of action. An action for damages for his personal injuries may be brought or continued by his administrator. (Decedent Estate Law, § 119.) That is a revival or survival statute. An action for wrongful death may also be brought by the administrator, but the statute giving that right (Decedent Estate Law, § 130) is not a survival statute. It creates a new and original cause of action and does not preserve or transfer to the personal representative the original right of action which the injured person possessed before his demise. (*Whitford* v. *The Panama Railroad Company*, 23 N. Y. 465.) The damages recoverable under the two statutes are totally different. In the personal injury action the administrator may recover damages for pain and suffering endured by the deceased, for expenses incurred, and for loss of earnings up to the time of death. In the wrongful death action, however, the recovery is limited to the pecuniary loss sustained by the parties for whose benefit the action is brought. (Decedent Estate Law, § 132.) This is measured by the pecuniary loss suffered by those beneficiaries by being deprived of what they would have received from the earnings of the injured party from the date of his death had he lived his full expectancy.

Under this analysis of the statutes, therefore, where the two causes of action — for personal injuries and for wrongful death

— are combined in one complaint, as here, it will be seen that the damages recoverable under the two separate rights of action are really distinct segments of the total loss occasioned by a defendant's negligence. The single wrongful act causes an injury to two classes of people — to the injured person himself up to the time of his death, and to the statutory beneficiaries after the death. What the wrongful death statute gives is a new cause of action entitling the named beneficiaries to recover, for themselves exclusively, a portion of the total loss brought about by the extinguishment of the earning capacity of the deceased. The object of the revival statute and the wrongful death statute was to give and preserve to the parties damaged a complete remedy and opportunity to recover the complete loss sustained. (See *Hindmarsh* v. *Sulpho Saline Bath Co.*, 108 Neb. 168, 187 N. W. 806.) " Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person and is confined to his personal loss and suffering ·before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong." (*St. Louis & Iron Mtn. Ry.* v. *Craft*, 237 U. S. 648, 658.)

Technically the wrongful death statute does create a new cause of action of a distinct nature for the deprivation of natural support and protection suffered by the statutory beneficiaries. (*Whitford* v. *The Panama Railroad Company, supra.*) But substantially, and considering the nature of the redress to be afforded, it is a continuation of the original cause of action for the benefit of those dependent on the services or bounty of the deceased who have been injured by the personal wrong done to him. The statute continues for the benefit of the wife, husband, etc., a right of action which, at the common law, would have terminated upon the death of the injured person and enlarges its scope to embrace the injury resulting from his death. (*Titman* v. *Mayor, etc., of New York*, 57 Hun 469, 473; affd. on opinion below 125 N. Y. 729.)

In that sense, therefore, in the instant case it would seem that since a proper notice of claim was served by the intestate during her lifetime, it is not necessary for the administrator to serve another notice when a claim is made for wrongful death. Here appellant City has all necessary notice of its

original wrongful act. The fact that because of subsequent events two classes of persons are, in law, entitled to recover their respective damages flowing from the same wrongful act should be of no concern to the appellant.

But perhaps the decisive argument in favor of the holding that the one notice served during the lifetime of the intestate is sufficient is the wording of the wrongful death statute itself: "The * * * administrator * * * of a decedent * * * may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, *would have been liable to an action in favor of the decedent by reason thereof if death had not ensued. * * * "* (Italics supplied). (Decedent Estate Law, § 130.)

Under the wording of the statute it has been held that an action in favor of the representative is barred where his decedent in his lifetime recovered a judgment for personal injuries, which was afterwards paid (*Littlewood* v. *Mayor, etc., of New York,* 89 N. Y. 24); or where there has been a settlement between the injured person and the party charged with negligence (*Dibble* v. *New York and Erie Rail Road Company,* 25 Barb. 183); or where the defendant is released from liability by the agreement of the intestate (*Hodge* v. *Rutland R. R. Co.,* 112 App. Div. 142, affd. 194 N. Y. 570); or where the intestate was guilty of such contributory negligence as would have barred an action by him (1 Shearman & Redfield on the Law of Negligence [6th ed.], § 140a, and cases cited); or where the three-year Statute of Limitations governing negligence actions had run before the death and the intestate had brought no action during his lifetime to recover for his injuries. (*Kelliher* v. *N. Y. C. & H. R. R. R. Co.,* 212 N. Y. 207.)

In other words, " If the deceased in his lifetime had a cause of action for negligence and could have recovered thereon, the executor or administrator of the estate may maintain an action for the negligence causing his death." (*Kwiatkowski* v. *Lowry, Inc.,* 276 N. Y. 126, 129.) Since during her lifetime plaintiff's intestate had a good cause of action based, among other things, on the timely service of a proper notice of claim, her personal representative has the same right to maintain an action for wrongful death without the service of a new notice. Since in the instant case appellant could not successfully defend against the intestate during her lifetime on a claimed failure to serve a proper notice, it cannot be a good defense against her representative for wrongful death perforce the very wording of the

wrongful death statute. It was not intended by the statute to give a wrongdoer a new defense which he did not have against the injured person during the latter's lifetime. It was intended merely to deprive a wrongdoer of the defense of the death of the party injured. (*Littlewood* v. *Mayor, etc., of New York, supra.*) It has been expressly decided that the condition upon which the action for wrongful death can be maintained is the right of the injured person to maintain the action if death had not ensued. (*McKay* v. *Syracuse R. T. Ry. Co.*, 208 N. Y. 359.) That condition has been met here.

While no authority precisely in point has been found in this State, in *Mercer* v. *Richmond* (152 Va. 736) a similar question was involved. It was there held, under a like statute, that the notice served by the injured party during her lifetime enured to the benefit of her representative after her death. It is true that under the laws of Virginia one cause of action is permitted where injuries to a person cause his death, either through a revival by his personal representative of the action originally brought by the injured person in his lifetime, or by his representative after the injured person's death, and the damages in either case go to the same class. Such a distinction in no way affects the merits of the question involved.

The order should be affirmed, with ten dollars costs and disbursements.

ADEL, J. (dissenting). The cause of action for wrongful death brought under section 130 of the Decedent Estate Law is a new and distinct cause of action for damages for the benefit of named beneficiaries. In my opinion the action is not maintainable because no demand for such damages was made upon the municipality and payment thereof refused, and no notice of intention to sue was served upon the corporation counsel and the comptroller. (Administrative Code of City of New York, § 394a–1.0; L. 1937, ch. 929.) These elements are conditions precedent when the City of New York is the defendant, and this section of the Administrative Code must be read as if it were part of section 120 of the Decedent Estate Law. A notice filed by an injured party is not notice that in case he dies from the injuries suffered, his distributees or representative will bring another action for the death. That the defendant was aware of the facts pertaining to the accident is beside the question. (*Marcantonio* v. *City of Beacon*, 158 Misc. 851, affd. 247 App. Div. 822.)

HAGARTY, JOHNSTON and LEWIS, JJ., concur with CLOSE, P. J.; ADEL, J., dissents and votes to reverse the order denying the

defendant's motion to dismiss the first cause of action in the plaintiff's supplemental complaint and to grant the motion, with memorandum.

Order affirmed, with ten dollars costs and disbursements. [See 269 App. Div. 755.]