## MOORE v. ATLANTIC COAST LINE R. CO.
### No. 206.

Circuit Court of Appeals, Second Circuit.

Feb. 21, 1946.

Henry Hirschberg and J. R. Thompson, both of Newburgh, N. Y., for appellant.

Stewart & Shearer, of New York City (James J. Mennis, of New York City, of counsel), for appellee.

Before SWAN, CLARK and FRANK, Circuit Judges.

PER CURIAM.

█ This action was commenced more than one year after the death of the plaintiff's intestate.. The one year limitation in the North Carolina statute, G.S. § 28-173, has been consistently construed as a condition precedent to maintenance of the right of action. Gulledge v. Seaboard Air Line R. Co., 147 N.C. 234, 60 S.E. 1134, 125 Am.St.Rep. 544, rehearing 148 N.C. 567, 62 S.E. 732; Neely v. Minus, 196 N.C. 345, 145 S.E. 771; Mathis v. Camp Mfg. Co., 204 N.C. 434, 168 S.E. 515. The case of Tieffenbrun v. Flannery, 198 N.C. 397, 151 S.E. 857, 860, 68 A.L.R. 210, upon which the appellant strongly relies, contains nothing to the contrary. It holds merely that the one year time limit of the North Carolina statute "constitutes a statute of limitation" in respect to the right of action under the Florida wrongful death

act, F.S.A. § 768.01 et seq., which annexed no time limit as a condition of the right, "as well as a condition annexed to liability" under the North Carolina statute. The New York courts and this court are bound by the interpretation put upon a foreign statute by the court of last resort of the foreign state; hence we must apply the North Carolina rule. Schwertfeger v. Scandinavian American Line, 186 App.Div. 89, 174 N.Y.S. 147, affirmed 226 N.Y. 696, 123 N.E. 888; Gatti Paper Stock Corp. v. Erie Railroad Co., 272 N.Y. 535, 4 N.E.2d 724; A. L. I. Restatement, Conflict of Laws § 605. That sections 13 and 55 of the New York Civil Practice Act have no application to the right of action created by a statute like that of North Carolina is made clear by the report of the Law Revision Commission, Legislative Document (1943) No. 65F.

Judgment affirmed.