WILLIAM S. HAMMOND, as Administrator of the Estate of ANN G. HAMMOND, Deceased, Plaintiff, *v.* INCORPORATED VILLAGE OF SOUTHAMPTON et al., Defendants.

Supreme Court, Special Term, Nassau County, October 1, 1947.

*George A. Garvey* and *George J. Conway* for defendants.

*Robert F. Peck* for plaintiff.

COLDEN, J.   Motion by defendant, Incorporated Village of Southampton (hereinafter referred to as the village), under rule 106 of the Rules of Civil Practice for judgment dismissing the complaint.   This motion is predicated upon the fact that the complaint contains no allegations to the effect that the action has been commenced within one year after the cause of action therefor has accrued nor that a written verified statement of the nature of the claim and of the time when the injury is alleged to have been received has been filed with the village clerk within thirty days after the cause of action shall have accrued nor that the action was not commenced until the expiration of thirty days after it was presented.   The defendant urges that such allegations and proof of said facts are conditions precedent to the maintenance of this cause of action against the village under the provisions of section 341 of the Village Law. Said section 341 provides that, "No action shall be maintained

against the village for damages for a personal injury or an injury to property alleged to have been sustained by reason of the negligence of the village or of any officer, agent or employee thereof unless '', the foregoing conditions are complied with.

The complaint pleads a cause of action by an administrator under section 130 of the Decedent Estate Law based upon alleged negligence of the defendant village causing the death of the decedent. Said section 130 of the Decedent Estate Law provides that the action must be commenced within two years after the death of the decedent. The issue raised upon this motion is whether the plaintiff in a death action against a village must also comply with section 341 of the Village Law. In *Holmes* v. *City of New York* (269 App. Div. 95), it was held: '' An examination of the statutes referred to shows that the death of an injured party, who has not been compensated in his lifetime, gives rise to two separate and distinct rights of action. An action for damages for his personal injuries may be brought or continued by his administrator. (Decedent Estate Law, § 119.) That is a revival or survival statute. An action for wrongful death may also be brought by the administrator, but the statute giving that right (Decedent Estate Law, § 130) is not a survival statute. It creates a new and original cause of action and does not preserve or transfer to the personal representative the original right of action which the injured person possessed before his demise. (*Whitford* v. *The Panama Railroad Company*, 23 N. Y. 465.) The damages recoverable under the two statutes are totally different.''

Section 341 of the Village Law was amended by chapter 694 of the Laws of 1945, effective September 1, 1945, which added section 50-e of the General Municipal Law which provides, '' In any case founded upon tort where a notice of claim is required as a condition precedent to the commencement of an action or special proceeding against a public corporation * * * the notice shall comply with the provisions of this section and it shall be given within sixty days after the claim arises.'' Subdivision 5 of section 50-e provides for the circumstances under which the court may grant leave to serve the notice of claim after the expiration of the time specified in subdivision 1. The enactment of section 50-e of the General Municipal Law was upon the recommendation of the Judicial Council.

In *Crapo* v. *City of Syracuse* (183 N. Y. 395), it was held that a death action is an action for personal injuries but that the cause of action does not accrue until the appointment of

the administrator. As to the requirement that notice be given, Chief Judge Cullen in the prevailing opinion, said: "The case comes plainly within the spirit of the statute as well as its letter, for every reason for requiring notice of the circumstances of the accident to be given to the municipality applies with as much force to an accident resulting in death as one where the consequences have been less grave."

Plaintiff stresses the case of *Holmes* v. *City of New York* (*supra*). In that case, Frances Holmes sustained injuries during July, 1941, alleged to have been the result of the negligence of the defendant municipality. Thereafter she filed timely and proper notice of claim. In April, 1942, she commenced an action upon which she recovered a judgment for $47,500 which was entered on March 15, 1943. Ten days later she died and two days after her death the defendant City of New York appealed to the Appellate Division. On May 21, 1943, an administrator was appointed and on December 29, 1943, the judgment was reversed and a new trial granted (267 App. Div. 782). On March 17, 1944, plaintiff administrator moved to amend the complaint so as to include therein a cause of action for wrongful death caused by the accident to decedent. The motion was granted and the supplemental complaint set forth as the first cause of action, the action for wrongful death. As part of said cause of action plaintiff alleged service of the notice of claim prior to the commencement of the action. Concededly only one notice of claim was served and that was by plaintiff's intestate prior to her death. Defendant then moved to dismiss the death action upon the ground that no notice of claim for that action had been served. At Special Term, Mr. Justice Daly denied the motion (184 Misc. 344). Defendant then appealed to our Appellate Division which affirmed (269 App. Div. 95) the determination of Special Term. Said Presiding Justice Close: "The question presented by this appeal is whether an administrator can have the benefit of a notice of claim and intention to sue a municipality which was filed by his intestate prior to her death. * * * in the instant case it would seem that since a proper notice of claim was served by the intestate during her lifetime, it is not necessary for the administrator to serve another notice when a claim is made for wrongful death. Here appellant City has all necessary notice of its original wrongful act. * * * Since during her lifetime plaintiff's intestate had a good cause of action based, among other things, on the timely service of a proper notice of claim, her personal repre-

sentative has the same right to maintain an action for wrongful death without the service of a new notice.''

No such situation exists in the case under consideration. No notice of claim under section 50-e of the General Municipal Law or under section 341 of the Village Law as it was at the time of the accident or as it existed when plaintiff administrator's cause of action arose, is alleged in the complaint. Without such appropriate allegations of proper notice to the village, the complaint is insufficient. The motion under rule 106 of the Rules of Civil Practice is granted with leave to the plaintiff to serve an amended complaint within ten days after the service of a copy of the order to be entered hereon.

Settle order on notice.