JOHN H. MCKINNEY, as Administrator of the Estate of STUYVESANT P. MCKINNEY, Deceased, Plaintiff, *v.* PHILIP W. SCHUSTER, Defendant.

Supreme Court, Special Term, Ulster County, February 7, 1952.

*Frank J. Warner, Jr.,* for defendant.

*Robert G. Martin* and *Henry Hirschberg* for plaintiff.

BOOKSTEIN, J. According to the complaint, on December 20, 1947, defendant was the owner and operator of a motor vehicle, registered in the State of New Jersey. On that date, it was being operated in the State of Virginia and plaintiff's intestate

was a passenger therein and an accident occurred resulting in the alleged wrongful death of plaintiff's intestate on the same day. This complaint in this action by the administrator sets forth two causes of action, viz.: (1) to recover damages for said alleged wrongful death and (2) to recover damages for the conscious pain and suffering of deceased, prior to his death, and was instituted in Orange County in this State by the service of a summons upon the defendant in this State on December 13, 1949.

Defendant moves, pursuant to rules 106 and 113 of the Rules of Civil Practice for an order dismissing the complaint and for summary judgment on the ground that the causes of action are barred by the applicable Statutes of Limitations and that the complaint fails to allege facts sufficient to state a cause of action. The determination of the problem posed by the motion turns principally on the question of whether the New York or Virginia Statute of Limitations is applicable.

A cause of action for wrongful death is created and conferred by former section 5786 of the Code of the State of Virginia (now Code of Virginia, tit. 8, § 8–633). The death having occurred in Virginia, the question must be determined by the law of that State, unless the Virginia Statute of Limitations is procedural, in which event it would be determined by the laws of this State, dealing with that subject.

The generally prevalent rule in this country is that the period of limitations in a death statute is substantive and an integral part of the right to the cause of action and that the period of limitation is not tolled without specific statutory provision for its tolling. The general rule is thus stated in Corpus Juris Secundum (25 C. J. S., Death, § 53): " Since * * * the right of action is wholly statutory, and must be taken with all the conditions imposed on it, * * * the burden being upon plaintiff to bring himself within the requirements of the statute," *and although a contrary view has been taken,* " it is generally held that a provision in the statute creating the right requiring an action thereon to be brought within a specified time is more than an ordinary statute of limitations and goes to the existence of the right itself, the right given being one to sue within the specified time, and not otherwise. Accordingly, no action brought after the expiration of the specified time can be maintained, and except as provided by the statute, no exception can be permitted to excuse delay. The court cannot add a saving clause or create an exception where the statute contains none. Matters which will toll the general statute of limita-

tions, such as infancy, absence from the state, failure or delay in the appointment of a personal representative, and the like, * * * will not support an action after the special period of limitations has expired." But "The rule is otherwise * * * where, by express provision or construction, such exceptions to the operation of the general statute are made also applicable to the special limitation contained in the death statute," or where the provision is strictly a limitation and not a condition.

This general rule was formerly the rule in this State also, with reference to our present death statute contained in section 130 of the Decedent Estate Law. In other words, formerly the rule in this State was that the limitation of time goes not only to the remedy but to the liability. Stated otherwise, it was held to be substantive as well as procedural. (*Colell* v. *Delaware, L. & W. R. R. Co.,* 80 App. Div. 342 [1903]; *Pernisi* v. *Schmalz' Sons,* 142 App. Div. 53 [1910].) The earlier rule in New York has since been overruled and no longer prevails therein, so that New York is one of the States now holding the " contrary view " referred to in volume 25 of Corpus Juris Secundum (*supra*). (*Sharrow* v. *Inland Lines,* 214 N. Y. 101 [1915].) In the latter case, our Court of Appeals pointed out, at page 104, that in our earlier death statute the language conferring the right of action was followed by this language: "*provided that* every such action shall be commenced within two years after the death of such deceased person." The court then said, at page 104: " It will be observed that the limitation of time in the act of 1847 was put in the form of a *proviso.*" After stating that the law continued substantially as thus enacted until 1880, when a change was made in its phraseology, the court continued, at page 105, as follows: "The time limitation no longer appeared as a proviso; the words ' provided that ' were omitted; and the clause was made to read merely ' Such action must be commenced within two years after the decedent's death.' " This change in language, the Court of Appeals determined, wrought the change whereby in this State the limitation in a death action, under our statute, is on the remedy and not on the right and hence the limitation is to be considered not as substantive but as procedural, subject to any provision for tolling as in the case of any other procedural Statute of Limitations. Hence, if the period of limitations of one year, fixed in the Virginia statute is procedural, then under our law, the Statute of Limitations is not available as a defense; if it is substantive, it is a complete bar to the death action.

The sole right to maintain an action to recover damages for death caused by negligence is created by and depends upon the provisions of the statute of the State where the accident occurred. (*Schwertfeger* v. *Scandinavian American Line,* 186 App. Div. 89, affd. 226 N. Y. 696.)

Our Court of Appeals has had occasion to pass on the period of limitations contained in foreign death statutes and to hold, contrary to its view on that subject, under our own death statute, that the limitation was on the right and not on the remedy, i.e., that it was substantive and not procedural. Thus in an action brought in this State, under the New Jersey Death Act, our Court of Appeals affirmed the holding of the Appellate Division to the effect that the two-year period of limitation was an integral part of the right and hence an integral part of the remedy and a condition precedent to maintaining the action. (*Schwertfeger* v. *Scandinavian American Line, supra.*) That ruling was predicated upon the fact that the highest court of the State of New Jersey had so held, with reference to the limitation contained in its death statute. So, too, in *Johnson* v. *Phoenix Bridge Co.* (197 N. Y. 316) our Court of Appeals held that the limitation of one year in the Canadian death statute was " a condition precedent to its successful maintenance." (P. 319.) It is, of course, true that that decision was rendered prior to the decision in *Sharrow* v. *Inland Lines* (*supra*) and cited as authority cases which were overruled and distinguished in the *Sharrow* case.

The Virginia death statute was also before our Court of Appeals on one occasion, in *Kerfoot* v. *Kelley* (294 N. Y. 288). In that case, however, since the complaint was dismissed for other reasons, the court did not deem it necessary " to consider defenses, predicated upon the Virginia Statutes of Limitation applicable to an action to recover damages for wrongful death." (P. 292.)

The Virginia death statute is incorporated in the complaint by reference. It is set forth in full in the answer. It is now found in section 8–633 of article 3 of title 8 of the Code of Virginia. It was formerly numbered section 5786 and, so far as pertinent, reads as follows: " Whenever the death of a person shall be caused by the wrongful act * * * of any person * * * and the act, * * * is such as would, if death had not ensued, have entitled the party injured to maintain an action, * * * to recover damages in respect thereof, then, and in every such case, the person who, * * * would have been liable, if death had not ensued, shall be liable to an

action for damages,   \*   \*   \*   notwithstanding the death of the person injured,   \*   \*   \*. Every action under this section shall be brought within one year after the death of the injured person, notwithstanding the provisions of § 8–24 ''.

In an article dealing with the foregoing death statute, by Charles A. Graves of the University of Virginia, commencing at page 825 of volume XV, number 11, March, 1910, of the Virginia Law Register, at page 840, he states: '' But this period of limitation, unlike the ordinary statutes of limitation to actions on contract and tort, does not merely affect the *remedy*, but enters, organically and integrally into the constitution of the new right of action (unknown to the common law) which the statute creates, and permits to be enforced, provided the action is brought within the statutory period. Time thus becomes of the essence of the right, and the right itself is extinguished if no action is begun within the prescribed period. \*   \*   \*   It also follows that the period of limitation is that of the State where the cause of death occurred, and not that of the state where the action is brought. The *lex loci* governs *remedy*, but this is a question not of remedy, but of right ''.

While the foregoing article is not binding on this court, it is persuasive. Moreover, it cites as authority, among others, the case of *Dowell* v. *Cox* (108 Va. 460). In that case, an action was brought for wrongful death under the North Carolina death act and the Virginia Supreme Court of Appeals held that the time within which the action must be brought was a part of the right created by the statute, and hence no action could be maintained in Virginia after the expiration of the time so fixed. It is true that in that case, the Virginia court based its decision, in part, on the fact that the North Carolina Supreme Court had already so held. However, it did not rest its decision solely on that premise. It cited also as authority for its determination a decision of its own and said (pp. 465–466): '' In the case of *Manuel, Admr.* v. *N. & W. Ry. Co.*, 99 Va. 188, 37 S. E. 957, this court held that, when the declaration in an action for death by wrongful act shows on its face that the death occurred more than twelve months before action brought, advantage may be taken of the limitation by demurrer. *This conclusion was clearly because in such cases the limitation affects the right as well as the remedy.*'' (Emphasis supplied.)

In *Manuel* v. *Norfolk & Western Ry. Co.* (99 Va. 188), referred to by the court in *Dowell* v. *Cox* (*supra*), the Supreme Court of Appeals of Virginia affirmed the action of the lower court which had dismissed a second action for wrongful death instituted

more than twelve months after the injury sued for, after the first action for such wrongful death was nonsuited on the plaintiff's own motion because of the absence of a witness on the trial thereof.

And in the *Cox* case (*supra*, p. 466) the court states that the reason for its " *conclusion* " [in the *Manuel* case, *supra*] " *was clearly because, in such cases, the limitation affects the right as well as the remedy.*" (Emphasis supplied.)

Under the decision in *Dowell* v. *Cox* (*supra*) and *Schwertfeger* v. *Scandinavian American Line* (*supra*) I am constrained to find that the cause of action for wrongful death, which is the first cause of action, is barred by the Virginia Statute of Limitations.

As to the second cause of action for conscious pain and suffering, no such action existed in this State at common law. It exists in this State now by virtue of statute. (Decedent Estate Law, §§ 118–120.) Independent research does not indicate the existence of any such cause of action in Virginia either at common law or by statute, in addition to the cause of action for wrongful death. It must be presumed that the common law of Virginia is the same as ours. (*Southworth* v. *Morgan*, 205 N. Y. 293, 296.) If such a cause of action exists under Virginia law, it must be pleaded. (*Southworth* v. *Morgan*, 205 N. Y. 293, 296, *supra*.) The complaint fails to do so and, therefore, fails to state a cause of action for conscious pain and suffering.

In view of the conclusions reached, it is unnecessary to consider the contentions advanced with reference to the tolling of the Statute of Limitations.

Motion for summary judgment in favor of defendant on first cause of action and dismissing complaint as to second cause of action granted.

Submit order.