Louis Weiss, as Administrator of the Estate of Robert J. Weiss, Deceased, Plaintiff, *v.* Michael A. Baviello, as Administrator of the Estate of Louis A. Baviello, Deceased, et al., Defendants.

Supreme Court, Special Term, Queens County, November 3, 1952.

*Harry Zeitlan* for plaintiff.

*William S. O'Connor* and *Gregory A. Lee* for Port Norris Express Co., Inc., defendant.

Daly, J. Motion by plaintiff for an order (1) striking the third affirmative defense from the answer of the defendant Baviello and (2) striking all three affirmative defenses from the amended answer of the defendant Port Norris Express Co., Inc.

Presumably the motion is made pursuant to rule 109 of the Rules of Civil Practice. Both sides, however, have submitted affidavits. Since there is no dispute as to the facts and all affidavits agree thereon, no question will be raised with respect to procedure.

This action is brought to recover for the wrongful death of plaintiff's intestate, who was killed in an automobile accident which occurred in the State of Connecticut on March 5, 1951.

It is conceded that this action was brought more than one, but less than two years after the occurrence of the accident. All four defenses here under attack plead that the law of Connecticut bars the bringing of this action after the lapse of one year from the date of the accident. Plaintiff claims that by virtue of section 13 of the Civil Practice Act the New York Statute of Limitations is applicable to this case.

As a general rule, procedure is governed by the law of the forum, not by the law of the place where the right arose, and this usually applies to statutes of limitation. There is an exception, however, where the right was created by a foreign statute which contains a limitation as an integral part thereof. In such case " the general rule adopting the statutes of limitation of the forum is departed from and the limitation prescribed by the act fixing the liability is applicable. The most important class of cases falling within the present exception to the general rule consists of those brought in one state under a statute of a different state giving a right of action for damages for death or personal injuries and containing an express limitation of the time for suit as a condition of the right of action." (11 Am. Jur., Conflict of Laws, § 194, p. 509.)

The above statement of law is the rule in New York. (*Schwertfeger* v. *Scandinavian Amer. Line,* 186 App. Div. 89, affd. 226 N. Y. 696; *Johnson* v. *Phoenix Bridge Co.,* 197 N. Y. 316.)

In the *Schwertfeger* case (*supra*) the Appellate Division, at pages 90–91 said: " It is, of course, conceded that no cause of action existed under the common law and that the sole right to maintain an action to recover damages for the death of the intestate caused by the negligence of the defendant was created by and depends upon the provisions of the statute of New Jersey, where the accident occurred. (*Johnson* v. *Phoenix Bridge Co.,* 197 N. Y. 316, 319; *Gurofsky* v. *Lehigh Valley R. R. Co.,* 121 App. Div. 126, 128; affd., 197 N. Y. 517.) In this State it is now held that the time prescribed by statute within which the action to recover damages for death caused by wrongful act may be commenced is not of the essence of the right to maintain the suit, but is subject to a statute of limitations. (*Sharrow* v. *Inland Lines, Ltd.,* 214 N. Y. 101.) In the State of New Jersey, however, it is the settled law that the two-year period within which an action is required to be brought under the New Jersey Death Act is not a period of limitation, but is an integral part of the remedy and a condition precedent to the maintenance of an action under that statute. (*Eldridge* v. *Philadelphia & Reading R. R. Co.,* 83 N. J. L. 463; *Lapsley*

v. *Public Service Corporation,* 75 id. 266.) This court is bound by the interpretation placed upon the foreign statute by the highest court in the foreign State. (*Jessup* v. *Carnegie,* 80 N. Y. 441, 455.) "

The highest courts of Connecticut have ruled that the limitation contained in the Connecticut statute is part of the cause of action, not merely a limitation on the remedy. Thus in *Baker* v. *Baningoso* (134 Conn. 382, 385) the Supreme Court of Connecticut said: " Finally, § 1005h is specific in that it gives a right of action which did not exist at common law, and the year fixed within which the action must be commenced is ' a limitation of the liability itself as created, and not of the remedy alone.' *De Martino* v. *Siemon,* 90 Conn. 527, 529, 97 A. 765; *Korb* v. *Bridgeport Gas Light Co.,* 91 Conn. 395, 401, 99 A. 1048."

It follows that the defenses are sufficient in law and plaintiff's motion to strike them is denied. Submit order.