Jacob Markowitz, J.
This is a motion for leave to substitute the administratrix of the estate of the deceased plaintiff in the place and stead of the deceased plaintiff herein and to amend the summons and complaint accordingly so as to add a second cause of action for wrongful death of the deceased. The defendant opposes the amendment insofar as the second cause of action for wrongful death is concerned. It claims that no notice of claim for wrongful death was filed, that the plaintiff now seeks to institute a new cause of action and that more than two years have elapsed since the cause of action for death accrued. This latter contention is without merit since a cause of action for wrongful death does not accrue until the death of the party. *757 The plaintiff died on May 1, 1958 and her administratrix was appointed June 19,1958. Obviously, the cause of action is timely. The other objections of defendant are also without merit. The precise question here posed has been passed upon by our appellate courts adversely to the defendant’s contention. In Holmes v. City of New York (269 App. Div. 95, affd. 295 N. Y. 615) it was held that since the decedent during his lifetime had a good cause of action for personal injuries as to which proper notice had been given, his personal representative had the right to maintain an action for "wrongful death on the basis of the earlier notice. The basis of the decision is the saving clause found in section 120 of the Decedent Estate Law which permits enlargement of the complaint to cover the death claim where death followed the bringing of a suit for personal injuries.
By reason of the foregoing, the motion is granted in all respects. Settle order.