Chief Judge Desmond.
In 1917 Dagmar Bauer, then a resident of New York, executed in New York City an irrevocable trust indenture which stipulated that she should receive the life income and that the remainder should go to her husband. In the event her husband predeceased her, the principal was to be distributed to such person or persons as she appointed by her will and, failing a valid disposition in her will, to the settlor’s next of kin pursuant to the statutes of the State of New York. Settlor’s husband predeceased her. She died a resident of London, England, in 1956, Her will, probated in England, contained a clause whereby she gave her property including any property over which she had a power of appointment “ except the property otherwise disposed of by this my Will or any Codicil hereto ” to Midland Bank Executor and Trust Company Limited in trust for Dr. B omar do’s Homes: National Incorporated Association of Stepney Causeway, London. A codicil revoked the prior bequest and left the trust fund to Midland Bank for the benefit of two nieces for life with the remainder to Dr. Barnardo’s Homes, etc., a charitable corporation of the United Kingdom and Northern Ireland.
Special Term held: that the law of England, where the owner of the power resided at the time of her death, governed; that *276 under English law suspension of alienation dated from the date of exercise of power of appointment and not from the date of its creation; that the power was validly exercised in the codicil and the suspension of interests thereunder was valid but that even under New York law the exercise of the power should be upheld; and that the trust corpus should be turned over to Midland Bank to be held in trust under the terms of the codicil.
The Appellate Division, modifying, decided as follows: that it was the intention of the settlor to have New York law apply to all questions of distribution or construction of the instrument; that the settlor had created a remainder interest in the trust and that the permissible period of suspension must be computed from the time the trust was created; that the codicil, suspending alienation for three lives (the settlor’s and those of two nieces), was not an effective exercise of the power of appointment; and that the power was effectively exercised in the residuary clause. One Justice dissented in part and voted that the modification should be by directing distribution as in the case of intestacy, as provided in the trust agreement, he being of the opinion that the residuary clause should not be construed as an alternative exercise of the power.
The appellants-respondents, who are distributees of the settlor, argue that the expressed intention of appointment to two nieces rebuts a presumed intention to appoint by the residuary clause; that the restrictive language of the residuary clause charges the residue with payment of “ before mentioned specific and pecuniary legacies ’ ’ and specifically excludes ‘ ‘ property otherwise disposed of ”; and that the provisions of the trust indenture, creating the power, must be construed with the same force and effect as the provision of the will purportedly exercising the power. Respondent-appellant Midland Bank and respondent Dr. Barnardo’s Homes argue that the settlor’s power, if not properly exercised by the codicil, was effectively exercised by the residuary clause; that the settlor became the sole owner of the trust prior to her death and the period of suspension should be computed from the date of her death; that, even if the settlor’s life is a measuring life, her will may be construed to provide for a valid disposition of the corpus in the light of her general testamentary plan, and that the settlor’s *277 testamentary disposition of the trust corpus is governed by English law under which the disposition is valid.
We agree with the dissenting opinion at the Appellate Division and summarize our holdings as follows:
(1) The law to be applied here is the law of New York which was the donor’s domicile and where there was executed the trust agreement containing the power of appointment (Matter of Spitzmuller, 304 N. Y. 608; Matter of Deane, 4 N Y 2d 326; Restatement, Conflict of Laws, § 287). This rule applies where the same person is donor and donee (Matter of Pratt, 8 N Y 2d 855).
(2) The trust was irrevocable and created a remainder interest but no reversionary interest in Mrs. Bauer. She retained no more than a testamentary power of appointment and hers was, therefore, one of the “measuring lives” (Richardson v. Richardson, 298 N. Y. 135).
(3) The original trust plus the codicil trust thus involved three lives in being, resulting in unenforcibility under the applicable former New York law (Personal Property Law, former § 11; Real Property Law, former § 42) and thus the attempt in the will and codicil to exercise the power of appointment was ineffective.
(4) Since the residuary clause specifically excludes ‘ ‘ property otherwise disposed of by this * * * will or any codicil ’ ’, it cannot be construed to refer to the appointive property as to which the will contained an invalid dispositive clause.
(5) Since, therefore, there has been no valid testamentary disposition of the trust principal it must, as directed by the indenture itself, be distributed to the settlor’s next of kin pursuant to the statutes of New York.
The order appealed from should be modified accordingly, with costs to parties filing separate briefs.