**William H. CHARTENER, as Heir of Evelyn Chartener, Deceased, Plaintiff,**

v.

**Janith KICE, Defendant.**

**No. 64 Civ. 424.**

United States District Court
E. D. New York.

March 27, 1967.

Speiser, Shumate, Geoghan & Krause, New York City, for plaintiff, Charles F. Krause, New York City, of counsel.

Martin, Clearwater & Bell, New York City, for defendant, Harold Shapiro, New York City, of counsel.

MISHLER, District Judge.

The defendant in this medical malpractice action moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that the plaintiff's survival and wrongful death actions are barred by the statutes of limitations, and that the plaintiff lacks the requisite capacity to sue.

The plaintiff and his wife were New York domiciliaries prior to December, 1959, but in that month they moved their family to Palo Alto, California. They returned to New York in September, 1960, in order to visit the decedent's parents, and, during their stay, the decedent consulted with the defendant about a mole on her back. Previously, while she had still been a New York resident, the decedent had gone to the defendant for the removal of some unsightly warts.

The plaintiff alleges that in September, 1960, the mole was pigmented, and that the decedent told the defendant that it not only had shown some growth, but also had bled a little. He further claims

that in spite of the fact that she possessed such information, the defendant attempted to remove the mole with a curette and failed to perform a biopsy. Shortly thereafter, the plaintiff and his wife returned to California, but within a few months the mole grew back.

The plaintiff and his wife next visited New York in March, 1961, at which time the latter was again treated by the defendant for the same condition. The plaintiff states that on that occasion the defendant burnt off the mole and again failed to perform a biopsy. In addition, the defendant is alleged to have remarked to the decedent that if the mole grew back once more, it would have to be removed surgically.

Several months later, the decedent's lesion was diagnosed as malignant melanoma, which had metastasized via the lymphatic system. In an attempt to combat the cancer, the decedent underwent surgery and finally was treated with vineristine, an experimental drug. She died in California on August 12, 1963.

The plaintiff and his son continued to reside in California until the end of 1964, at which time they moved back to New York. The complaint in this action was filed on April 23, 1964, however, at a time when the plaintiff was still a California resident, and therein, he argues, there would have been no metastasis if the mole had been removed surgically at the time of either of the defendant's treatments. He asserts that the defendant's acts and omissions constituted improper professional care, and that as a result of such negligence, his wife suffered greatly and finally succumbed.

Accordingly, the plaintiff presses the following causes of action: (1) For wrongful death, and (2) a survival action for pain and suffering. Judgment is demanded against the defendant in the sum of Three Hundred Thousand ($300,000) Dollars on each cause of action.

In her answer, the defendant generally denies the plaintiff's allegations, but she admits that she was consulted by the decedent, and that she rendered certain professional services. She now offers two main arguments in support of her motion for summary judgment: First, that the actions are barred by the applicable New York statutes of limitations; and, second, that since the plaintiff is neither the executor nor administrator of the decedent's estate, he lacks the capacity to sue under the applicable New York law.

The plaintiff argues as follows: (1) Neither action is barred because the applicable statutes of limitations are those of California, and, thereunder, present actions were timely commenced; (2) If New York's statutes of limitations are held to be applicable, the actions were still timely commenced; (3) In any event, the statutes of limitations would be tolled by the decedent's intervening incompetency; (4) The plaintiff possesses the requisite capacity to sue, but assuming that such is not the case, either the defendant has waived her right to raise the defect or it can be corrected by an amendment of the pleadings; and, finally, (5) That several genuine issues of fact remain to be tried.

■■ Since jurisdiction is based upon diversity of citizenship, this Court must apply New York law, including conflict of law rules, on all substantive issues. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). For diversity purposes, the defense of the statute of limitations is considered substantive or "outcome determinative" to be governed by the law of the forum state. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); see also, Graziano v. Pennell (2d Cir.) 371 F.2d 761.

In wrongful death cases, the traditional New York conflicts rule was that all issues deemed "substantive" for conflict of laws purposes are governed by the law of the place where the wrong causing the death occurred. Davenport v. Webb, 11 N.Y.2d 392, 230 N.Y.S.2d 17, 183 N.E.2d 902 (1962); Baldwin v. Powell,

294 N.Y. 130, 61 N.E.2d 412 (1945). But in Long v. Pan Am. World Airways, Inc., 16 N.Y.2d 337, 266 N.Y.S.2d 513, 213 N.E.2d 796 (1965), the New York Court of Appeals abandoned the traditional rule and applied the reasoning of Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963), to wrongful death actions: the applicable law is the law of " * * * the place having the most significant relationship with, and the greatest interest in, the issue presented". Long v. Pan Am. World Airways, Inc., supra, at 343, 266 N.Y.S.2d at 517–518, 213 N.E.2d at 799. As noted heretofore, the specific issues raised on this motion for summary judgment concern the statute of limitations and the plaintiff's capacity to sue.

### Statute of Limitations

For choice of law purposes, New York has traditionally regarded statutes of limitations as procedural unless the right sued upon was created by a foreign statute under which the commencement of an action within a specified period is a condition precedent to securing relief. Association for the Preservation of Freedom of Choice, Inc. v. Simon, 299 F.2d 212, 214 (2d Cir. 1962); Bournias v. Atlantic Maritime Co., 220 F.2d 152, 155 (2d Cir. 1955); Hughes v. Hinson's Garage, Inc., 9 A.D.2d 1014, 194 N.Y.S.2d 324, 325 (4th Dep't 1959); Weiss v. Baviello, 203 Misc. 1031, 1032, 117 N.Y.S.2d 891, 892 (Sup.Ct.1952). In such instances, the running of the statute is said to bar both the right and the remedy, and the limitation period is considered to be so tied up with the underlying right that for choice of law purposes, the limitation clause is treated as a "substantive" rule of law. Generally, where a wrongful death statute contains a specific "built-in" limitation period, such a limitation is so regarded. See Bournias v. Atlantic Maritime Co., supra; Hartford Acc. & Indem. Co. v. Eastern Air Lines, Inc., 155 F.Supp. 263, 264–265 (S.D.N.Y.

1957); McKinney v. Schuster, 202 Misc. 450, 451, 110 N.Y.S.2d 74, 76 (1952).

Whether a particular limitation in a particular statute is considered substantive or procedural, however, depends upon how it is construed by the courts of the state creating the right. See, Hartford Acc. & Indem. Co. v. Eastern Air Lines, Inc., supra; Schwertreger v. Scandinavian Am. Lines, 186 App.Div. 89, 91, 174 N.Y.S. 147, 149 (1st Dep't), aff'd without opinion, 226 N.Y. 696, 123 N.E. 888 (1919). Both the California and New York wrongful death statutes contain specific limitation periods, but the courts in both states have held that their respective limitation periods merely affect the remedy, not the right, and, therefore, that they are procedural for choice of law purposes. Nolan v. Transocean Air Lines, 173 F.Supp. 114, 116 (S.D.N.Y.1959) aff'd, 276 F.2d 280, 282 n. 1. (2d Cir. 1960), set aside and remanded on other grounds, 365 U.S. 293, 81 S.Ct. 555, 5 L.Ed.2d 571; Wohlgemuth v. Meyer, 139 Cal.App.2d 326, 293 P.2d 816 (1956); McDonough v. Cestare, 3 A.D.2d 201, 202, 159 N.Y.S.2d 616, 618–619, appeal denied, 3 A.D.2d 861, 163 N.Y.S.2d 376 (2d Dep't 1957); McKinney v. Schuster, supra, 202 Misc. at 452, 110 N.Y.S.2d at 77; Kerr v. St. Luke's Hosp., 176 Misc. 610, 611, 28 N.Y.S.2d 193, 194 (Sup.Ct.1940), aff'd without opinion, 287 N.Y. 673, 39 N.E.2d 291 (1941). Accordingly, the New York Courts would consider the issue of the statute of limitations separate and apart from the issue of whether the New York or California wrongful death statute applies.

### Borrowing Statute

As noted earlier, New York has traditionally characterized statutes of limitations as procedural for choice of law purposes. While it is arguable that the continued validity of such a rigid characterization is questionable in light of the Babcock-Long method of separating issues and balancing contracts, that question is not reached if New York's borrowing statute, N.Y.C.P.L.R. § 202 (McKinney

1963) [1] is found to be applicable to both the wrongful death and survival actions. See Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co., 372 F.2d 18 (3d Cir. Jan. 15, 1966). The crucial issue in this regard is whether either or both of the causes of action accrued outside of New York. Generally, New York law provides that a cause of action accrues " * * * when the plaintiff first acquires the right to seek a judicial remedy." Lowell Wiper Supply Co. v. Helen Shop, Inc., 235 F.Supp. 640, 644 (S.D.N.Y.1964). "The concept of accrual of a cause of action is extremely elusive," however, and any determination " * * * must be made in the context of particular types of action * * * " 1 Weinstein, Korn & Miller, N.Y.Civ.Prac. § 203.01 at 2–39.2 (1966).

■ Under both New York and California law, a cause of action for wrongful death is an original and distinct cause of action which accrues at the time of death and inures to the benefit of the statutory beneficiaries. Van Sickel, v. United States, 285 F.2d 87, 90 (9th Cir. 1960); Stutz v. Guardian Cab Corp., 273 App.Div. 4, 7, 74 N.Y.S.2d 818, 821 (1st Dep't 1947); Holmes v. City of New York, 269 App.Div. 95, 98, 54 N.Y.S.2d 289, 293 (2d Dep't), aff'd without opinion, 295 N.Y. 615, 64 N.E.2d 449 (1945). Since the plaintiff's wife died in California, the borrowing statute is applicable to the wrongful death cause of action. See, Nolan v. Transocean Air Lines, supra; Hughes v. Hinson's Garage, Inc., 9 A.D.2d 1014, 194 N.Y.S.2d 324, 326 (4th Dep't 1959) (per curiam).

■ The plaintiff's survival action rests upon a different theory: the continuation of an existing cause of action even though the injured party subsequently died. Holmes v. City of New York, supra, 269 App.Div. at 97, 54 N.Y. S.2d at 292; Lubin v. Sydenham Hosp.,

Inc., 181 Misc. 870, 871, 42 N.Y.S.2d 654, 656 (Sup.Ct.1943). While reasonable funeral expenses paid by the estate, or for which the estate is responsible, are recoverable in New York in such an action, the New York courts have held that the action accrues " * * * at the time of injury * * * and is governed by the ordinary * * * period of limitation * * *." Stutz v. Guardian Cab Corp., supra, 273 App.Div. at 10, 74 N.Y. S.2d at 824.

■ Under New York law, the relevant time of injury in malpractice cases is the last of a continuous and related series of treatments. Borgia v. City of New York, 12 N.Y.2d 151, 155, 237 N.Y.S.2d 319, 321, 187 N.E.2d 777, 778 (1962). Since the plaintiff contends that the mole was cancerous at the time of the defendant's first treatment, the New York cases compel the conclusion that at that early time there had already been " * * * some actual deterioration of * * * [the] plaintiff's bodily structure," and that at the end of the second treatment in March, 1961, a cause of action had accrued in favor of the decedent. See, Schwartz v. Heyden Newport Chem. Corp., 12 N.Y.2d 212, 217, 237 N.Y.S.2d 714, 717, 188 N.E.2d 142, 144, 4 A.L.R.2d 814, modified, 12 N.Y.2d 1073, 239 N.Y.S.2d 896, 190 N.E.2d 253, cert. denied, 374 U.S. 808, 83 S.Ct. 1697, 10 L.Ed.2d 1032 (1963); Schmidt v. Merchants Dispatch Transp. Co., 270 N. Y. 287, 200 N.E. 824, 104 A.L.R. 450 (1936).

■ Under California law, however, a cause of action does not accrue until the patient knows, or through the exercise of reasonable care and diligence, should have known, of the alleged malpractice. See, Hundley v. St. Francis Hosp., 161 Cal.App.2d 800, 327 P.2d 131, 80 A.L.R.2d 360 (1958); Wohlgemuth v. Meyer, supra. Nevertheless, when a

1. § 202. *Cause of action accruing without the state*
   An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

court is required to choose " * * * between two linguistically permissible decisions as to where a cause of action 'arose' * * *," it ought to lean to the reading more likely to achieve an underlying policy of the borrowing statute. See, George v. Douglas Aircraft Co., 332 F.2d 73, 78 (2d Cir.), cert. denied, 379 U.S. 904, 85 S.Ct. 193, 13 L.Ed.2d 177 (1964). One purpose of such legislation was to afford New York resident-defendants the benefit of the shortest applicable period of limitations. Lowell Wiper Supply Co. v. Helen Shop, Inc., supra. Accordingly, the New York courts would hold that the plaintiff's survival action accrued at the earlier time, in New York immediately upon the termination of the last treatment, and, therefore, that the borrowing statute is inapplicable.

### Application to Wrongful Death Action

■ Under New York's borrowing statute, the plaintiff's wrongful death action must be deemed barred if either the New York or California statute of limitations has run. In New York, an action for wrongful death under Section 130 of the Decedent Estate Law, McKinney's Consol. Laws, c. 13 must be commenced within two years of the decedent's death. While the present action for wrongful death was commenced well within that period, "[i]t has been expressly decided that the condition upon which the action for wrongful death can be maintained is the right of the injured person to maintain the action if death had not ensued." Holmes v. City of New York, supra, 269 App.Div. at 100, 54 N.Y.S.2d at 294; see also, Pieczonka v. Pullman Co., 89 F.2d 353, 356 (2d Cir. 1937); Myers v. United States, 162 F.Supp. 913, 914 (N.D.N.Y.1958); Kelliher v. New York Cent. & Hudson River R. R. Co., 212 N.Y. 207, 211, 105 N.E. 824, 825, L.R.A. 1915E, 1178 (1914). "Where the statute of limitations has barred a claim for personal injuries during a claimant's lifetime, the cause of action is not revived in favor of his estate by his subsequent death from the original wrong." Johnson v. Stromberg-Carlson Tel. Mfg. Co.,

250 App.Div. 352, 353, 294 N.Y.S. 173, 175 (4th Dep't 1937), aff'd per curiam, 276 N.Y. 621, 12 N.E.2d 602, cert. denied, 305 U.S. 645, 59 S.Ct. 150, 83 L.Ed. 416 (1938).

■■ The underlying cause of action here is for malpractice and, therefore, the applicable statute of limitations is the two year period of section 50(1) of the Civil Practice Act. See, N.Y.C.P. L.R., § 218(a) (McKinney 1963). Since the cause of action accrued to the decedent in March, 1961, and the present action was not commenced until April, 1964, the plaintiff's wrongful death action must be held barred unless a condition arose which tolled the running of the statute against the malpractice claim.

The plaintiff argues, however, that toward the end of her life the decedent's mental health was so affected by her cancerous condition, that she was rendered incompetent to contemplate or commence litigation.

Under the New York statute it is an interesting question whether insanity arising from a defendant's act which is the cause of action sued upon prevents the statute from running within the meaning of the exception. The exact point apparently has not been authoritatively passed upon in New York, though the courts point out, as the statute emphasizes, that the disability must exist when the cause accrues. * * * In other jurisdictions there is some conflict in the cases; some, at least, hold that, if insanity results at once or very soon after the injury, the statutory disability exists. Hughes v. Roosevelt, 107 F.2d 901, 903 (2d Cir. 1939).

■ After a full consideration of the matter, the Advisory Committee which helped draft the C.P.L.R. concluded that the problem should be left to the courts for further development. 1 Weinstein, Korn & Miller, New York Civil Practice § 208.04 at 2–138 (1966). In view of the trend in the New York cases towards a more liberal interpretation of the statute of limitations applicable to

malpractice actions, see, e. g., Schwartz v. Heyden Newport Chem. Corp., supra; Borgia v. City of New York, supra, and in view of the strong equitable considerations which militate against the application of the old rule, see Urie v. Thompson, 337 U.S. 163, 169–170, 69 S.Ct. 1018, 1024–1025, 93 L.Ed. 1282 (1940); Ricciuti v. Voltare Tubes, Inc., 277 F.2d 809, 813 (2d Cir. 1960); Taylor v. Houston, 93 U.S.App.D.C. 391, 211 F.2d 427, 428, 41 A.L.R.2d 724 (1954); Hughes v. Roosevelt, supra; Fernandi v. Strully, 35 N.J. 434, 173 A.2d 277 (1961); Schwartz v. Heyden Newport Chem. Corp., supra, 12 N.Y.2d at 219, 237 N.Y.S.2d at 719, 188 N.E.2d at 146, this Court believes that if the New York Court of Appeals were to be confronted with this issue, it would hold that at least where a disability arises shortly after the injury, is caused by the injury, and persists throughout the entire limitation period, the running of the statute of limitations is tolled. See, Taylor v. Houston, supra. Whether the statute of limitations was tolled in this case, however, is a question which raises substantial issues of fact which cannot be decided on a motion for summary judgment.

■■ While California's wrongful death limitation is only one year, such an action is not subject to the limitations and defenses applicable to the decedent's own claim. Since the present action was commenced within one year of the decedent's death, it would not be barred under the California statute. Thus, New York's borrowing statute would require the application of the New York statute of limitations if the running of that statute had not been tolled by the alleged insanity of the decedent. Because the resolution of that problem requires a determination of disputed factual issues, the defendant's motion to dismiss the plaintiff's wrongful death cause of action must be denied.

### Survival Action

■ The plaintiff's survival action, viewed as the continuation of a cause of action, is governed by the statute of limitations generally applicable to malpractice actions. It is well settled that, for choice of law purposes, such statutes are characterized as procedural, and that reference must be made to the law of the forum. Association for the Preservation of Freedom of Choice, Inc. v. Simon, supra; Oil & Gas Ventures—First 1958 Fund, Ltd. v. Kung, 250 F. Supp. 744, 752 (S.D.N.Y.1966); Hughes v. Hinson's Garage, Inc., supra, 9 A.D.2d at 1014, 194 N.Y.S.2d at 325; Developments in the Law—Statutes of Limitations, 63 Harv.L.Rev. 1177, 1260 (1950). While the New York courts have led the nation in the adoption of more flexible choice of law rules, they have not applied the Babcock rationale to every area, see, e. g., Matter of Bauer's Trust, 14 N.Y.2d 272, 251 N.Y.S.2d 23, 200 N.E.2d 207 (1964), and there is little in the cases which would support a deviation from the traditional rule. Therefore, in the final analysis, the Court is again faced with the issue of whether the running of the statute was tolled by the alleged intervening insanity of the decedent. Since that issue involves contested factual issues, the defendant's motion to dismiss the survival action must also be denied.

### Right to Sue

■ The defendant's final point in support of her motion for summary judgment is that the plaintiff lacks the requisite capacity to sue. Under California law a wrongful death action may be instituted by the decedent's heir, but in New York, such an action can be maintained only by the decedent's executor or administrator. It is unnecessary to determine which state's law applies on this issue, however, because if it is decided that New York law governs, the Court has the power to permit the plaintiff to amend his complaint. Fed.R. Civ.P. 15; Johnson v. Phoenix Bridge Co., 197 N.Y. 316, 322, 90 N.E. 953, 956 (1910). Thus, under either New York or California law, the defendant's argument will not support her motion for summary judgment.

In summary, the Court finds that two fact issues stand in the way to the grant of relief: First, "Was the decedent rendered incompetent prior to her death so as to toll the running of the statute of limitations?"; and,

Second, "Was such incompetence proximately caused by the defendant's tortious act?"

The motion for summary judgment is denied, and the Court directs that the above issues be tried preliminarily to a trial on the merits.